Sam **DICKE**, Theodore Cutnose, for and on behalf of themselves and all other members of the Cheyenne-Arapaho Tribes of Indians, whose names are appended, and all other members of the Cheyenne-Arapaho Tribes of Indians, Appellants,

v.

**CHEYENNE–ARAPAHO TRIBES, INC.,** an Oklahoma corporation; Woodrow Wilson; John Fletcher; William Howard Payne; Cheyenne-Arapaho Tribes of Oklahoma and Garner Pettigrew, Appellees.

No. 6875.

United States Court of Appeals
Tenth Circuit.

May 17, 1962.

---

James E. Grigsby, Oklahoma City, Okl. (Harry R. Palmer, Jr., Oklahoma City, Okl., was with him on the brief) for appellants.

William Howard Payne, Oklahoma City (Arthur P. Scibelli, of counsel, was with him on the brief) for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiffs appeal from an order of the District Court for the Western District of Oklahoma dismissing for lack of jurisdiction a claim for relief sought against the defendant Cheyenne-Arapaho Tribes of Oklahoma.[1] Plaintiffs are all enrolled members of the Cheyenne-Arapaho Tribes and by their complaint sought to adjudicate the title to certain lands held in the tribal name and to obtain relief from designated management acts of the Tribe affecting the subject lands. Claim of jurisdiction in the federal courts is based upon 28 U.S.C.A. § 1331 (federal question) and 28 U.S.C.A. § 2201 (declaratory relief). The order of dismissal was premised upon the conclusion that the defendant Cheyenne-Arapaho Tribes of Oklahoma was not subject to suit absent the consent of Congress and that such consent was not existent. The correctness of the district court's order requires an interpretation of Public Law No. 86–791, 74 Stat. 1029 (Sept. 14, 1960) which provides in pertinent part:

"The Secretary of the Interior is authorized to convey to the Cheyenne and Arapaho Tribes a fee simple title to approximately three thousand nine hundred acres of such lands, together with the improvements thereon. * * * The title of the tribes to any land conveyed pursuant to this action shall be subject to no exemption from taxation or restriction on use, management, or disposition because of Indian ownership."

The Secretary of Interior acting for the United States by authority of the cited statute and in the words of the statute quitclaimed the subject lands to the Cheyenne and Arapaho Tribes in fee simple by deed dated January 1961. Record title thus rests in the Tribes as such and tribal control of the lands has been maintained by the governing body of the Tribes, a business committee consisting of fourteen members, seven Cheyennes and seven Arapahoes elected by popular vote of the Indians.

The legal history of the status of Indian tribes under state and federal law presents a complex and ever-changing concept of an artificial entity progressing from independent but helpless sovereignty toward a status of complete integration in the legal, economic and moral life of the people of the United States. Complete integration would, of course, contemplate the availability of civil courts within the federal and state systems to adjudicate controversies of all natures, even those between tribes and members of the tribe, as here. And certain it is that the wording of the September 14th statute that the "title * * * to any land conveyed * * * shall be subject to no * * * restriction * * * because of Indian ownership" is capable, if very broadly construed, of being interpreted as impliedly subjecting the title of the subject lands to the jurisdiction of the courts of the United States.

Traditionally, however, and in recognition of the fact that the power to regulate Indian affairs lies exclusively with Congress and not the courts, such statutes have been strictly construed. In United States v. United States Fid. and Guar. Co., 10 Cir., 106 F.2d 804, we indicated that express authorization was necessary to overcome the sovereign immunity of Indian tribes. Similarly, the

---

1. Plaintiffs voluntarily dismissed against the remaining defendants.

Eighth Circuit has held that the statutory authority to subject a tribe to the jurisdiction of the courts must be "expressed in·plain and unambiguous terms." Thebo v. Choctaw Tribe of Indians, 7 Cir., 66 F. 372. Again and recently this court has held that federal court jurisdiction does not lie in a matter of controversy between Indians and the Tribe "unless jurisdiction is expressly conferred by congressional enactment." Native American Church, etc. v. Navajo Tribal Council, 10 Cir., 272 F.2d 131 at 133.

The congressional history of Public Law No. 86–791 indicates that it was the intent of the statute to limit the purport of the law to a removal of control by the Bureau of Indian Affairs over the subject lands. At the hearing of the Subcommittee on Indian Affairs of the Committee on Interior and Insular Affairs of the House of Representatives held January 13, 1958, the Secretary of Interior reported:

"The Indians should use this land as a basis for learning management practices and initiative in preparation for an ultimate termination of Federal responsibilities, and it is the policy of the Government to return surplus Federal property to the local tax rolls and if such property is given to a tribe title should be taken in a taxable status."

Part of the testimony at said hearing of January 13, 1958, is as follows:

"Mr. Edmondson. Is it your feeling that the Cheyenne and Arapaho are ready for termination at this time?

"Mr. Lee. No, it is not our feeling that they are immediately ready. We do have a feeling that they should start assuming some obligations which will prepare them for the day when they should be completely terminated."

\* \* \*

"Mr. Edmondson. This, in your opinion, would be an effort on the part of the Bureau of Indian Affairs to give them some property to experiment with, as you said, to see if they were able to handle property on their own without Bureau of Indian Affairs supervision?

"Mr. Lee. Yes, sir."

The trial court correctly held that the defendant Cheyenne-Arapaho Tribes of Oklahoma was not subject to suit in the case at bar and the judgment is accordingly affirmed.

