**Jess GREEN, Appellant,**

v.

**Angus A. WILSON et al., Appellees.**
**No. 18834.**

United States Court of Appeals
Ninth Circuit.
May 12, 1964.

Allen R. Derr, Boise, Idaho, for appellant.

Strasser Spiegelberg, Fried, Frank & Kampelman, Alan L. Wurtzel and Richard Schifter, Washington, D. C.; Theodore H. Little, Clarkston, Wash., for appellees

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, Richard N. Countiss, Attys., Dept. of Justice, Washington, D. C.; Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, on behalf of amicus curiae United States.

Before POPE and KOELSCH, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM.

The plaintiff, a member of the Nez Perce Indian Tribe, and president of a non-profit corporation known as the Nez Perce Indian Association, brought this suit in the district court against the nine individuals, appellees here, and defendants in the court below, alleging that said defendants without authority in law, held themselves out to be governing authorities of the said Indian Tribe and entitled to manage and control the funds thereof. The complaint alleged the invalidity of the purported constitution of defendants' group under which defendants claim the right to represent the Tribe and alleged misuse by the defendants of tribal funds for the purpose of establishing certain enterprises on the Indian Reservation including a forestry project, a tourist enterprise, the construction of sanitary facilities and on all of which it is alleged they are losing money, and which was through mismanagement, squandering, wasting and misappropriation of the funds of the Tribe. Complaint was made also that from these moneys salaries are unlawfully paid.

The defendants moved the court to dismiss the action upon the following grounds:

"1. The Court lacks jurisdiction over the subject matter because it appears from the face of the complaint that the action does not arise under the laws, treaties or Constitution of the United States.

"2. The Nez Perce Tribe is an indispensable party to this action and cannot be joined as it is immune from suit.

"3. The United States is an indispensable party to this action and cannot be joined as it has not consented to be sued.

"4. The complaint fails to state a claim upon which relief can be granted."

The motion to dismiss was granted, the action was ordered dismissed, and the plaintiff appealed to this court.

Upon further consideration of the briefs and the oral argument made the court is of the view that the action was properly dismissed and accordingly the decision of the court below is affirmed.