### TWIN CITIES CHIPPEWA TRIBAL COUNCIL and Simon Howard, Appellants,

v.

### The MINNESOTA CHIPPEWA TRIBE, a Federal Corporation, Stewart Udall, Secretary of the Interior, United States Department of the Interior, Appellees.

No. 18231.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1967.

Robert A. Nicklaus, St. Paul, Minn., filed brief for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis and A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., and Miles W. Lord, U. S. Atty., Minneapolis, Minn., filed brief for appellees.

Before VOGEL, Chief Judge, and MATTHES and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from the dismissal of an action brought to invalidate an Indian tribal election held to amend the tribal constitution and bylaws and to poll the tribal membership for its collective opinion as to disposition of certain pending tribal claim awards. The District Court, The Honorable Gunnar H. Nordbye, in an unpublished opinion, dismissed the complaint for lack of jurisdiction. We affirm. .

Appellants, Twin Cities Chippewa Tribal Council, a Minnesota corporation comprised of enrolled members of the Minnesota Chippewa Tribe residing in the St. Paul-Minneapolis, Minnesota area rather than on tribal land and certain individual members of the tribe residing in various parts of Minnesota, hereafter called plaintiffs, brought this action against appellees, the Minnesota Chippewa Tribe, a federal corporation organized under § 17 of the Act of June 18, 1934, 48 Stat. 988, 25 U.S.C.A. § 477, 25 F.C.A. § 477, and the Secretary of the

Interior, hereafter called Secretary, or, collectively, defendants.

Plaintiffs' complaint alleged that defendants did not comply with the applicable statute, rules and regulations prescribing timely notice of the election and that an alleged majority of the votes cast favored the proposed change in the constitution and bylaws; that the Secretary acted "unjustly and wrongfully in conducting and regulating the election so as to insure a vote of thirty per cent of those entitled to vote"; that a request for a hearing before the Secretary has been denied contrary to the Administrative Procedure Act, 5 U.S.C.A. § 1009(a) (c); and that such denial violates plaintiffs' constitutional rights of due process and equal protection under the Fourteenth Amendment as well as their rights as citizens to vote under the Fifteenth Amendment to the Constitution.[1] Additionally, plaintiffs contend that the tribal voting list prepared by defendants and used in the challenged election excluded a number of Indians eligible to vote in the referendum.

Plaintiffs maintain that the District Court had jurisdiction (1) under § 16 of the Indian Reorganization Act, 25 U.S.C.A. § 476, 25 F.C.A. § 476; (2) under § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009(a) (c), 5 F.C.A. § 1009(a) (c); and (3) under the Fourteenth and Fifteenth Amendments to the Constitution.

Plaintiffs first assert that the District Court had jurisdiction by virtue of § 16 of the Indian Reorganization Act, 25 U.S.C.A. § 476, 25 F.C.A. § 476.[2] This argument is unacceptable, as a close reading of that Act reveals its limited scope. The Act merely provides the authority and procedures whereby an Indian tribe may organize itself and adopt a tribal constitution and bylaws. The Act makes no mention of jurisdiction in any sense and such is not within its purview. However, plaintiffs argue that they are entitled to a judicial interpretation of the Act, thus invoking jurisdiction below under 28 U.S.C.A. § 1331, 28 F.C.A. § 1331.[3] This argument overlooks

1. Plaintiffs' Fifteenth Amendment allegation raised in plaintiffs' amended complaint was not argued on appeal.

2. "Any Indian tribe, or tribes, residing on the same reservation, shall have the right to organize for its common welfare, and may adopt an appropriate constitution and bylaws, which shall become effective when ratified by a majority vote of the adult members of the tribe, or of the adult Indians residing on such reservation, as the case may be, at a special election authorized and called by the Secretary of the Interior under such rules and regulations as he may prescribe. Such constitution and bylaws, when ratified as aforesaid and approved by the Secretary of the Interior, shall be revocable by an election open to the same voters and conducted in the same manner as hereinabove provided. Amendments to the constitution and bylaws may be ratified and approved by the Secretary in the same manner as the original constitution and bylaws.

"In addition to all powers vested in any Indian tribe or tribal counsil by existing law, the constitution adopted by said tribe shall also vest in such tribe or its tribal council the following rights and powers: To employ legal counsel, the choice of counsel and fixing of fees to be subject to the approval of the Secretary of the Interior; to prevent the sale, disposition, lease, or encumbrance of tribal lands, interests in lands, or other tribal assets without the consent of the tribe; and to negotiate with the Federal, State, and local Governments. The Secretary of the Interior shall advise such tribe or its tribal council of all appropriation estimates or Federal projects for the benefit of the tribe prior to the submission of such estimates to the Bureau of the Budget and the Congress."

3. "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

"(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,-000, computed without regard to any set-off or counterclaim to which the defendant may be adjudged to be entitled, and

defendant Minnesota Chippewa Tribe's sovereign immunity, protecting it from suit in the federal courts. Indian tribes under the tutelage of the United States are not subject to suit without the consent of Congress, United States v. United States Fidelity & Guar. Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); Iron Crow v. Oglala Sioux Tribe of Pine Ridge Res., 231 F.2d 89 (8th Cir. 1956), and 28 U.S.C.A. § 1331, 28 F.C.A. § 1331, does not operate to waive sovereign immunity. Anderson v. United States, 229 F.2d 675 (5th Cir. 1956).[4] Neither can this suit be maintained against the Department of the Interior, or its agents acting pursuant to valid authorization, without congressional authorization. State of Oregon v. Hitchcock, 202 U.S. 60, 26 S.Ct. 568, 50 L.Ed. 935 (1906); Naganab v. Hitchcock, 202 U.S. 473, 26 S.Ct. 667, 50 L.Ed. 1113 (1906); Cf. United States ex rel. Nez Perce Tribe of Indians v. Seaton, 103 U.S.App.D.C. 202, 257 F.2d 206 (1958).

■■ Also, before a District Court can exercise jurisdiction under 28 U.S.C.A. § 1331, 28 F.C.A. § 1331, the issue to be considered must present a "federal question"—must arise under the Constitution, laws, or treaties of the United States. Before jurisdiction exists, a right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action. Gully v. First Natl. Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964). In the instant case, plaintiffs argue that their rights in the tribal property were diluted as a result of the alleged invalid election. Plaintiffs' rights to the tribal property

arise out of their membership in the Chippewa Tribe of Indians, rather than the Constitution or laws of the United States. See Martinez v. Southern Ute Tribe, 249 F.2d 915 (10th Cir. 1957). Thus, for the lack of existence of a "federal question," the very basis of 28 U.S.C.A. § 1331, 28 F.C.A. § 1331, jurisdiction could not be founded on that section. Stanturf v. Sipes, supra.

■■ Secondly, plaintiffs assert that the District Court has jurisdiction over the Secretary of the United States Department of the Interior by virtue of § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, 5 F.C.A. § 1009.[5] The alleged "agency action" is assertedly found in 25 U.S.C.A. § 476, 25 F.C.A. § 476, which provides in part as follows: "Amendments to the constitution and by-laws *may* be ratified and approved by the Secretary * * *." (Emphasis supplied.) This reliance on § 10 of the Administrative Procedure Act to establish jurisdiction below is misplaced. Section 10 of the Act does not confer jurisdiction upon the federal courts. Its purpose is to define the procedures and manner of judicial review of agency action rather than confer jurisdiction. Ove Gustavsson Contr. Co. v. Floete, 278 F.2d 912, 914 (2nd Cir. 1960); Barnes v. United States, supra. Additionally, § 10 does not in itself amount to congressional consent to a suit against defendants, whose right to assert the defense of sovereign immunity is discussed above. Chournos v. United States, 335 F.2d 918 (10th Cir. 1964).

■ Also, the "agency action" complained of here is discretionary, thus expressly beyond the purview of § 10 of the

exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

4. See also Green v. Wilson, 331 F.2d 769 (9th Cir. 1964); Dicke v. Cheyenne-Arapaho Tribes, Inc., 304 F.2d 113 (10th Cir. 1962); Haile v. Saunooke, 246 F.2d 293 (4th Cir. 1957), cert. denied, 355 U.S. 893, 78 S.Ct. 268, 2 L.Ed.2d 191 (1957); Thebo v. Choctaw Tribe of Indians, 66 F.

372 (8th Cir. 1895); Barnes v. United States, 205 F.Supp. 97 (D.Mont.1962).

5. "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.
"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof. * * * "

Act. The Secretary *may* (as opposed to *shall* or *must*) ratify and approve amendments to the tribal constitution and by-laws. Such discretionary action is not subject to review. See Hamel v. Nelson, 226 F.Supp. 96 (N.D.Cal.1963) and cases cited the.ein.

Lastly, plaintiffs assert that defendants' actions have deprived plaintiffs of rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. This argument ignores one of the most basic tenets of American constitutional law. The guarantees of the Due Process Clause relate solely to action by a state government, Rice v. Sioux City Memorial Park Cemetery, 349 U.S. 70, 75 S.Ct. 614, 99 L.Ed. 897 (1955); Watkins v. Oaklawn Jockey Club, 183 F.2d 440 (8th Cir. 1950), and have no application to actions of Indian tribes, acting as such. See Barta v. Oglala Sioux Tribe of Pine Ridge Res., 259 F.2d 553 (8th Cir. 1958), cert. denied, 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304 (1959). Here, neither the State of Minnesota nor any other state acted in any wise to affect plaintiffs. All plaintiffs' complaints are directed toward the Minnesota Chippewa Tribe, a federal corporation, and the agents of the United States Department of the Interior.

Similar reasoning precludes granting plaintiffs relief under the Fifth Amendment to the Constitution of the United States. The Fifth Amendment imposes restraints only on the federal government. Koch v. Zuieback, 316 F.2d 1 (9th Cir. 1963).

It has long been established that Indian tribes, while engaged in the processes of local government, are not subject to the Fifth Amendment. Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896); Martinez v. Southern Ute Tribe, supra. The principal action complained of in the instant case was the tribal council's compilation of a tribal voting list in preparation for an upcoming referendum to amend the tribal constitution and bylaws. We can think of no better example of a tribe's local governmental procedure than that of regulating a tribal election amending the tribe's constitution and bylaws, the very framework of the local government. Cf Martinez v. Southern Ute Tribe, 151 F.Supp. 476 (D.C.Col.1957), aff'd., 249 F.2d 915 (10th Cir. 1957), cert. denied, 356 U.S. 960, 78 S.Ct. 998, 2 L.Ed.2d 1067 (1958). But cf. Colliflower v. Garland, 342 F.2d 369 (9th Cir. 1965).

Affirmed.