**Lee MOTAH and Horace Noyabad,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9769.**

United States Court of Appeals
Tenth Circuit.

Oct. 30, 1968.

Jack L. Freeman, Oklahoma City, Okl., for appellants.

Roger P. Marquis, Atty., Dept. of Justice (Clyde O. Martz, Asst. Atty. Gen., B. Andrew Potter, U. S. Atty., Givens L. Adams, Asst. U. S. Atty., and Frank B. Friedman, Atty., Dept. of Justice, were with him on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from a final order of the District Court for the Western

1

District of Oklahoma dismissing the plaintiffs-appellants' complaint and action for lack of jurisdiction.

Plaintiffs are members of the Comanche Tribe of Indians residing in Oklahoma. According to their complaint, a tribal election was held on November 19, 1966, to determine whether the Comanche Tribe should have a constitution separate and apart from the Kiowa and Apache Tribes in Oklahoma. The election was conducted by the Area Director for the Bureau of Indian Affairs pursuant to 25 U.S.C. § 476 [1] and resulted in 493 Comanche Indians voting for a separate constitution and 483 voting against. Thereafter, plaintiffs filed a contest of the election with the Area Director alleging that a number of Comanche Indians were wrongfully deprived of their right to vote and that if such Indians had been allowed to vote that the outcome would have been affected. The Area Director denied plaintiffs' claim and appeals therefrom were in turn denied by the Commissioner of Indian Affairs and the Secretary of the Interior. Plaintiffs then sought an evidentiary hearing in the district court alleging jurisdiction to exist by "virtue of the provisions of the Constitution of the United States and laws and treaties enacted thereunder."

The district court properly dismissed the action for lack of jurisdiction of both person and subject matter. The action stems from an internal controversy among Indians over tribal government, a subject not within the jurisdiction of the court as a federal question. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 10 Cir., 355 F.2d 364, cert. denied, 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67; Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 10 Cir., 321 F.2d 767; Dicke v. Cheyenne-Arapaho Tribes, Inc., 10 Cir., 304 F.2d 113; Martinez v. Southern Ute Tribe, 10 Cir., 273 F.2d 731, cert. denied, 363 U.S. 847, 80 S.Ct. 1623, 4 L.Ed.2d 1730; Native American Church of North America v. Navajo Tribal Council, 10 Cir., 272 F.2d 131; Martinez v. Southern Ute Tribe of Southern Ute Reservation, 10 Cir., 249 F.2d 915, cert. denied, 356 U.S. 960, 78 S.Ct. 998, 2 L.Ed.2d 1067. Nor is there any express statutory authority to exercise judicial control over the United States in a case of this nature. The principle that "the United States, as sovereign is immune from suit save as it consents to be sued," United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058; Cotter Corp. v. Seaborg, 10 Cir., 370 F.2d 686, 691–692, is not affected by the fact that the government has voluntarily undertaken a trustee relationship with respect to the Indians, Harkins v. United States, 10 Cir., 375 F.2d 239. The required consent is not provided for by the terms of 25 U.S.C. § 476, supra, nor under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (5 U.S.C. § 1001 et seq.) Chournos v. United States, 10 Cir., 335 F.2d 918.

Affirmed.

---

[1]. "Any Indian tribe, or tribes, residing on the same reservation, shall have the right to organize for its common welfare, and may adopt an appropriate constitution and bylaws, which shall become effective when ratified by a majority vote of the adult members of the tribe, or of the adult Indians residing on such reservation, as the case may be, at a special election authorized and called by the Secretary of the Interior under such rules and regulations as he may prescribe. Such constitution and bylaws, when ratified as aforesaid and approved by the Secretary of the Interior, shall be revocable by an election open to the same voters and conducted in the same manner as hereinabove provided. Amendments to the constitution and bylaws may be ratified and approved by the Secretary in the same manner as the original constitution and bylaws."