Mary **CORNELIUS**, an individual, and Mary Cornelius, Chairman of the Turtle Mountain Band of Ojibwa (Chippewa) Indians, Petitioner,

v.

Duane C. **MOXON** et al., Respondents.

Civ. No. 4442.

United States District Court
D. North Dakota,
Northeastern Division.

July 25, 1969.

David Garcia, Devils Lake, N. D., and Herbert M. Porter, Hollywood, Cal., for petitioner.

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for respondents Duane C. Moxon, Neal Moore, Leslie Huff, Buzzie Trotter, Elmer Van, Doe Bercier, Martin Holmes and Betty Laverdure.

Leo Broden, Devils Lake, N. D., for respondents Sylvestre Keplin, Roy J. Belgarde, Sara LaFountain, Leon Poitra, Elmer Davis, James Henry and Peter Marcellais.

RONALD N. DAVIES, District Judge.

MEMORANDUM AND ORDER

In what is styled "PETITION FOR INJUCTION AND FOR WRIT OF MANDATE" the petitioner, Mary Cornelius, an enrolled member of the Turtle Mountain Band of Ojibwa (Chippewa) Indians and alleged duly elected chairman of the Band's Tribal Council, joins as respondents the individual members of the presently constituted Tribal Council, certain employees of the United States Department of the Interior, Bureau of Indian Affairs, and the Band's Tribal Judge, alleging, in part, that:

"IV. Defendant Laverdure is acting illegally under color of title as Tribal Judge of said group, having derived and now maintaining her authority unlawfully and acting ultra vires and in excess of her authority in purporting to enforce alleged ordinances, statutes and regulations she well knows to be false.

\* \* \* \* \* \*

"X. All defendants, other then (sic) Laverdure have acted and unlawfully conspired together and acted separately to interfere with petitioner in the proper execution of the duties obligations and responsibilities of her office, and have prevented her from so doing by physical and other means, by threat, by harm to her family including kidnapping, assault and battery and furess (sic) and by unlawful intimidation of her constituents, by unlawful arrest of petitioner and others and by other means.

"XI. All defendants except Laverdure have acted jointly and severally and in unlawful conspiracy to steal from and permanenently deprive the tribal national group and every member thereof of their rights to money, land and other property and have falsely and fraudulently hypothecated the same without the consent or permission of the owners thereof.

"XII. Defendants, except for Laverdure, have acted jointly and severally and in illegal conspiracy to suppress petitioner and members of the said tribal national group by purportedly passing rules, laws and ordinances and, all defendants acting thereon to silence the spirit and voice of individual rights and freedom of the members of said group guaranteed them by Traditional Indian Law and the Constitution and By-Laws of the group and the Constitution of the United States and the laws of the nations among themselves; and, that said actions were all in excess of the powers and authority of said defendants as hereinabove aforesaid.

"XIII. The defendants Keplin, Belgarde, Henry, Davis and Marcellais have taken proceedings not only without any authority of legal office on the part of the defendants Keplin and Belgarde, but illegal in manner and

form and authority on the part of defendants Henry, Davis and Marcellais in conducting secret meetings and without notice or the filing of charges falsely purporting to remove petitioner from her office, an action without legal power or effect but with the publication of which all defendants have attempted to obstruct the official functioning of petitioner and nullify the wishes of the electors of the tribal national group."

and seeks an order

"(1) Enjoining defendants Davis, Henry and Marcellais from interfering further with defendant in the execution of her official duties

"(2) Enjoining defendants Keplin, Belgarde, LaFountain and Poitra from further purporting to act as members of the Tribal Council

"(3) Enjoining Betty Laverdure from enforcing or judging laws illegally enacted or acting as a judge at all

"(4) Enjoining defendants Moxon, Moore, Huff, Trotter, Van, Bercier and Holmes from interfering in the affairs of the Turtle Mountain Band or in the functioning of petitioner in the performance of her office and from harassing, molesting, threatening, assaulting or otherwise harming petitioner, her family or any member of said tribal national group

"(5) That this court issue its writ of mandate to the said federal officers and to the office of the district they purport to act under to cease and desist from acting in other then (sic) an advisory capacity to petitioner and her constituents, and

"(6) That said defendants and said bureau cease and desist the employment of police not authorized by the Tribal Council of the Turtle Mountain Band acting in lawful capacity in a meeting lawfully called, and

"(7) That said defendants and said bureau cease and desist and declare a nullity all contracts it purports to

have made on behalf of the petitioner and/or her constituents.

"(8) And for such other and further relief as to the court seems just in the circumstances."

Presently pending are (1) a motion to quash summons filed by the United States Attorney on behalf of the respondents that are employees of the United States Department of the Interior, Bureau of Indian Affairs; (2) a motion seeking an order for payment of the costs incurred in a previously dismissed action and for a stay of the instant proceedings filed by the respondents that are members of the Tribal Council; and (3) a motion by the petitioner for leave to amend.

Because there is a total failure by the petitioner to comply with Fed. Rules Civ.Proc. rule 8(a) which requires that:

"A pleading which sets forth a claim for relief * * * *shall* contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *" (Emphasis supplied)

and because Fed.Rules Civ.Proc. rule 12(h) (3) requires:

"Whenever it appears by suggestion of the parties or *otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" (Emphasis supplied)

it is necessary to review the petition and the proposed amendments thereto to determine the Court's jurisdiction to grant the relief sought prior to considering the three motions.

The principles relating to subject matter jurisdiction are set forth in Roberson v. Harris, 393 F.2d 123 (8th Cir. 1968):

"(1) The threshold inquiry in every federal case is whether the district court has jurisdiction; (2) lack of jurisdiction cannot be waived by the parties or ignored by the court; (3) if jurisdiction is wanting, the district

court should decline to proceed in the case; * * *."

It is only in Paragraph VII of petitioner's proposed amended petition that there is made any reference relating to jurisdiction. Therein it is alleged that:

"The jurisdiction of this court is invoked under the provisions of the U. S.Code, Title 8, Title 22, Title 25."

This is patently insufficient, but even so, if facts giving the Court jurisdiction are set forth in a pleading the provision conferring jurisdiction need not be specifically pleaded. Williams v. United States, 405 F.2d 951 (9th Cir.1969).

 A thorough analysis of both petitions reveals that "the action stems from an internal controversy among Indians over tribal government, a subject not within the jurisdiction of the court as a federal question." Motah v. United States, 402 F.2d 1 (10th Cir.1968); Green v. Wilson, 331 F.2d 769 (9th Cir. 1964).

Now, therefore, it is ordered that the petition filed in the above entitled matter be and the same is hereby dismissed for lack of jurisdiction of both person and subject matter; and

It is further ordered that the motion filed by the United States Attorney on behalf of the respondents Martin Holmes, who is properly identified as Martin N. B. Holm; Duane C. Moxon; Neal Moore, who is properly identified as R. Neal Moore; Leslie Huff, who is properly identified as Leslie J. Hoff; Buzzie Trotter, who is properly identified as Joseph E. Trottier; Elmer Van, who is properly identified as Elmer J. Venne; Doe Bercier, who is properly identified as Louis G. Bercier; and Betty Laverdure, who is properly identified as Betty M. Laverdure; be and the same is hereby denied as being moot; and

It is further ordered that the motion of the respondents Elmer Davis, Sylvestre Keplin, James Henry, Roy J. Belgarde, Peter Marcellais, Sara LaFountain and Leon Poitra, seeking an order for payment of costs incurred in a previously dismissed action and for a stay of proceedings in the instant matter until such order, if issued, has been complied with, be and the same is hereby denied; and

It is further ordered that the motion by the petitioner for leave to amend the original petition herein, be and the same is hereby denied.