Norman M. LITTELL

v.

**Walter J. HICKLE, the Secretary of the Interior of the United States.**

Civ. No. 19917.

United States District Court,
D. Maryland.

July 8, 1970.

Frank B. Delehanty, and Harold H. Corbin, Corbin, Bennett & Delehanty, New York City, for plaintiff; George W. McManus, Jr., and Peter Parker, White, Page & Lentz, Baltimore, Md., of counsel.

Stephen H. Sachs, U. S. Atty., Stephen D. Shawe, Asst. U. S. Atty., for the District of Maryland, Baltimore, Md., Herbert Pittle, and Rembert A. Gaddy, Dept. of Justice, Washington, D. C., for defendant.

WATKINS, Chief Judge.

Plaintiff, Norman M. Littell (Littell), an attorney admitted to practice in the Commonwealth of Virginia, in the State of Washington, in the District of Columbia, and in the Courts, Commissions and Agencies in which claims in behalf of Indian Tribes are tried and determined, sued the then Secretary of the Interior (Secretary) in his official capacity as trustee for the Navajo Tribe of Indians of New Mexico, Arizona, Utah and Colorado. Jurisdiction is asserted under United States Code, Title 28, sections 1331 and 1391(e).

Plaintiff claims recovery under certain contracts of employment relating to the successful prosecution of claims on behalf of the Navajo tribe, "against the United States and officers thereof * * * and claims relating to the taking of, or failure to make available to said Indians, lands which the United States is under obligation to make available to said Tribe * * *" Plaintiff was to receive ten per cent (10%) of any sum or sums of money or of the value of the property recovered; or not in excess of one per cent (1%) of bonus, royalties or other income which may be derived from said property.

Plaintiff claims to have successfully prosecuted two "Claims cases"; Healing v. Jones, D.C.Ariz.1962, 210 F.Supp. 125 awarding the Navajo Tribe "an un-

divided one-half interest in 1,858,203 acres of land adjoining their tribal reservation" of the value of not less than $25,000,000 of which no part has been paid plaintiff, although duly demanded; and Navajo Tribe v. United States, 1966, 176 Ct.Cl. 502, 364 F.2d 320, in which judgment was entered in favor of the Navajo Tribe in the amount of $500,-195.20, of which 50% of the attorney's fee, or $25,009.76 had been assigned and paid to plaintiff's associate attorney, but none to him. Judgment is demanded for $25,009.76, and for the most favorable fee in Healing v. Jones; and for other and further relief.

The Secretary moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, with an affidavit and exhibits.

The unfortunate background of the controversies here involved is developed in Udall v. Littell, 1966, 125 U.S.App.D.C. 89, 366 F.2d 668, cert. den. 1967, 385 U.S. 1007, 87 S.Ct. 713, 17 L.Ed.2d 545. Littell had contracts with the Navajo Tribe as general counsel for which he had a fixed retainer as well as the help of assistants or associate general counsel, who were paid fixed salaries. He also represented the Tribe as claims attorney, where his compensation was purely contingent and his contract as General Counsel expressly provided that the duties of the associate general counsel were not to include services relating to claims work, and the associates were not to participate in any way in the 10% contingent fees for claim work.

Complaints were made that Littell was using General Counsel staff attorneys on contingent fee claims cases. After some investigation, the Secretary notified Littell that the General Counsel contract was suspended and would be terminated in the absence of explanation or exculpation. Littell did not reply, but obtained from the United States District Court for the District of Columbia a preliminary injunction barring any interference with his General Counsel contract pending litigation. This was upheld by a divided court. Udall v. Littell, 1964, 119 U.S.App.D.C. 197, 338 F.2d 537. The suit was tried on the merits, the District Court granting a permanent injunction, Littell v. Udall, D.C.D.C.1965, 242 F. Supp. 635, holding that the Secretary lacked authority to terminate Littell's contract but that even if he had such authority, his action was arbitrary and capricious. While finding that Littell had used and condoned the use of general counsel attorneys on claims litigation without the approval of the Tribal Council and Indian Commissioner, this was held not to be good cause for cancellation as the Navajos had other adequate remedies.

On appeal, the Court of Appeals for the District of Columbia Circuit held that the Secretary had "power to cancel contracts between a tribe and its attorneys for cause by appropriate administrative action." (366 F.2d 668, 674). In finding that there was cause, the court referred to the "unseemly squabble" between Littell and the Tribe's Chairman, the Advisory Committee and some members of the Tribal Council; his admitted use of salaried staff lawyers of the tribe to perform services in claims cases; and his failure to make full disclosure to his client and to the Indian Commissioner. The Court stated (366 F.2d at 676):

"* * * This was more than 'intermixture' or 'commingling' of Tribal assets with his own assets; it was an affirmative use—or misuse—of assets of the Tribe for his own interest."

Judgment was vacated and entered for the Secretary.

The Secretary's Motion for Summary Judgment herein proceeds on two grounds: lack of jurisdiction, and unclean hands. Plaintiff filed a cross motion for summary judgment on the issue of liability of the defendant; primarily upon the basis of what were claimed to be "undisturbed findings and opinions" of the trial court, 242 F.Supp. 635.

**1178**

## I. Jurisdiction.

1. Plaintiff seeks to have this Court require the Secretary, by an order in the nature of a writ of mandamus, to pay out of the Treasury of the United States funds of the Navajo Tribe held in trust by it for the United States. Either this is an attempt to obtain from a federal official the payment of federal funds, which would be a suit against the United States to which it has not consented, and to which it would be an indispensable party; Mine Safety Appliances Co. v. Forrestal, 1945, 326 U.S. 371, 374, 66 S.Ct. 219, 90 L.Ed. 140; or to recover funds owned by the Navajo Tribe, held in trust by the United States. Such suit would be in effect against an entity, the Navajo Tribe, subject to sovereign immunity—United States v. U. S. Fidelity and Guaranty Co., 1940, 309 U.S. 506, 512, 60 S.Ct. 653, 84 L.Ed. 894; Davis v. Littell, 9 Cir. 1968, 398 F.2d 83, 84, cert. den. 1968, 393 U.S. 1018, 89 S.Ct. 621, 21 L. Ed.2d 562—and/or against the United States.

2. Plaintiff had submitted his claim to the Secretary of the Interior pursuant to the U.S.C. Title 25, section 82, and the Secretary had rejected it. Section 82 in pertinent part reads as follows:

" * * * and the Secretary of the Interior and Commissioner of Indian Affairs shall determine therefrom whether, in their *judgment*, such contract or agreement has been *complied with or fulfilled*; if so, the same shall be paid, and, if not it shall be paid in proportion to the services rendered under the contract." (Emphasis supplied).

The duty so imposed involves the exercise of judgment and discretion, is not purely ministerial in nature, and his action is therefore not subject to mandamus.

"Under the established rule the writ of mandamus cannot be made to serve the purpose of an ordinary suit. It will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." United States ex rel. McLennan v. Wilbur, Secretary of the Interior, 1931, 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148. See also Prairie Band of the Pottawatomie Tribe of Indians v. Udall, Secretary of the Interior, 10 Cir. 1966, 355 F.2d 364, cert. den. 1966, 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67.

Defendant's motion for summary judgment is granted.

## II. Unclean hands.

Whether the misconduct of plaintiff as General Counsel would lead to a forfeiture for all claims for services of all nature, including "claims cases", and whether or not Healing v. Jones is a claims case within the terms of plaintiff's employment, while interesting and challenging questions need not and should not be considered in view of the dismissal of the action on other grounds.

### Plaintiff's Motion for Summary Judgment.

This motion of course becomes moot in view of the dismissal of the action. The court cannot, however, avoid two brief comments.

First, the argument that reversal of a lower court on one of three possible grounds leaves in full force and effect, binding in other courts in different suits, all findings relating to the other two grounds has, so far as this court knows, only the virtue—if such it be, of novelty.

Second, were there merit in plaintiff's position, it is impossible to understand why this point was not made in the District Court for the District of Columbia on remand, on motion for summary judgment.

### Motion for Leave to File an Amended Complaint.

The proposed amended complaint would have added a Third Cause of Ac-

tion, claiming General Counsel Compensation and expenses in the amount of $18,023.70 for the period June 1, 1966 to January 9, 1967. This is clearly subject to the same infirmities as the original complaint and leave to file the amended complaint is hereby denied.

Defendant's Motion for summary judgment is granted, and plaintiff's Motion for leave to file an amended complaint is denied.