**Erwin WARE et al., Plaintiffs,**

v.

**Elliot RICHARDSON, as head of the Federal Housing Urban Development Programs (HUD), et al., Defendants.**

**No. 71–809 Civ.**

United States District Court,
W. D. Oklahoma,
Civil Division.

May 24, 1972.

Erwin Ware, Berlye B. Haag, and Bradford Haag, pro se, Tribal Indian Land Rights Assn., Moore, Okl., for plaintiffs.

Lynn J. Bullis, Jr., V. P. Crowe, Andrew M. Coats, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., Chuck Goodwin, Anadarko, Okl., William R. Burkett and Floy E. Dawson, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION AND ORDER

DAUGHERTY, District Judge.

Plaintiffs bring this action complaining, principally, that houses provided by the Kiowa Housing Authority are substandard and not worth the money being paid for them (presumably public money). Various of the Defendants have moved for dismissal on the ground that federal jurisdiction does not exist. This Opinion and Order is therefore confined to the sole issue of federal jurisdiction.

The parties and their respective positions in the suit are set out in the margin.[1] The Federal Defendants rely on sovereign immunity. Defendant Great Plains is in default of answer or other response. Defendants Cimarron Developers and Kiowa Housing Authority and its directors rely on lack of a Federal question and of diversity as well as sovereign (tribal) immunity of the Kiowa Housing Authority.

The Federal Defendants state that acts attributed to them by Plain-

---

1. Plaintiffs Erwin Ware, Beryle B. Haag and Bradford Haag allege that they are enrolled Kiowa Indians and members of the Kiowa Indian Council, the governing body of the Kiowa Tribe. The interest of Plaintiff Tribal Indian Land Rights Association is not shown, though it is named in the caption as a Plaintiff. Defendants Elliott Richardson, Secretary of Health, Education and Welfare and Rogers Morton, Secretary of Interior (Federal Defendants) are alleged to be acting "in consort" with Defendant Housing Authority of the Kiowa Tribe of Indians of Oklahoma (Kiowa Housing Authority) in that they have approved leases of Indian trust lands to the Authority for construction of the housing in question. Defendant Great Plains Development Co. apparently was the original prime contractor with Kiowa Housing Authority and Plaintiff states said contract has been assigned to Defendant Cimarron Developers, Incorporated. Some of the houses were built by Great Plains and some by Cimarron Developers. Defendant Kiowa Housing Authority and its directors are in charge of the housing development.

tiffs are within their discretionary authority and that Plaintiffs' suit is in effect one against the United States. Plaintiffs do not allege that the Federal Defendants act in any but their official capacity and in such a case the bar of sovereign immunity prevents Plaintiffs' suit against these Defendants. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Cotter Corp. v. Seaborg, 370 F.2d 686 (Tenth Cir. 1966). The fact that Indians are involved does not alter this conclusion. Motah v. United States, 402 F.2d 1 (Tenth Cir. 1968); Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529 (Eighth Cir. 1967); Littell v. Hickle, 314 F.Supp. 1176 (Md. 1970). Not only do Plaintiffs not allege that the Federal Defendants are not acting outside the scope of their authority, they set out the various statutes and regulations under which they are acting in this case. The Court has no jurisdiction of the Federal Defendants under such circumstances.

The other Movants state Plaintiffs have failed to state any claim involving a Federal question within the meaning of 28 U.S.C.A. § 1331. Plaintiffs' allegations in this regard are summarized as follows:

1. Members of the Kiowa Housing Authority Commission have been appointed without the prior approval of the Kiowa Indian Council in violation of 63 Okl.St.Ann. § 1057.

2. The Kiowa Housing Authority is being administered illegally, arbitrarily and fraudulently.

3. Three members of the Kiowa Housing Authority are not Kiowa Indians and two others are not Indians.

4. One member of the Authority has a conflict of interest, having been previously employed by Great Plains Development.

5. Plaintiffs are compelled to accept substandard housing in return for leases on Indian lands.

6. Plaintiffs have been deprived of the right to receive quality housing.

Various other allegations are made concerning the ability of the home builder in general and the quality of the homes they have built in particular.

The Court has heretofore determined in connection with Plaintiffs' request for a three-judge court that no substantial Federal question has been presented by the Complaint. The Court now finds that no Federal question is raised by Plaintiffs' allegations.

63 Okl.St.Ann. § 1057 [2] provides for the establishment of Indian Housing Authorities. Assuming the correctness of Plaintiffs' legal conclusions that the Authority was not properly established Plaintiffs fail to point out any Federal Constitutional right that may have been

---

2. This Statute reads as follows:

"There is hereby created, with respect to each Indian tribe, band, or nation in the state, a public body corporate and politic, to function in the operating area of such Indian tribe, band, or nation to be known as the 'housing authority' of said Indian tribe, band, or nation, which shall be an agency of the State of Oklahoma, possessing all powers, rights, and functions herein specified for city and county authorities created pursuant to this act: Provided that said Indian Housing Authority shall not transact any business nor exercise its powers hereunder until or unless the governing council of said tribe, band, or nation, as the case may be, by proper resolution, declares that there is a need for an authority to function for said tribe, band, or nation.

Except as otherwise provided in this act, all the provisions of law applicable to housing authorities created for cities and counties and the commissioners of such authorities shall be applicable to Indian Housing Authorities and the commissioners thereof, unless a different meaning clearly appears from the context. The Chief or other governing head of an Indian tribe, band, or nation is hereby authorized to exercise all appointing and other powers with respect to an Indian Housing Authority that are vested by this act in the mayor of a city relating to a City Housing Authority."

denied them for that reason. Plaintiffs claim that Indian lands are made subject to a lease in return for construction of a home thereon. There is no indication that any Indian eligible for housing is forced to grant a lease; Plaintiffs' Complaint relates to the quid pro quo, that is, when the lease is given, the house that is received in return is "substandard". The Court fails to see in this set of circumstances any violation of any Constitutional right.

 63 Okl.St.Ann. § 1057 quoted above designates the Kiowa Housing Authority an arm of the State of Oklahoma. In legal consequence, however, it operates as an arm of the Kiowa Tribe of Indians for it is completely controlled by them through their power of appointment. While it is nominally a state agency, it is statutorily freed of state control and subjected to the unfettered control of the Tribe. This dispute between Plaintiffs, who are members of the Kiowa Tribe, and the Kiowa Housing Authority is therefore an intratribal dispute and as such without the Court's jurisdiction. Motah v. United States, 402 F.2d 1 (Tenth Cir. 1968); Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (Tenth Cir. 1966); Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767 (Tenth Cir. 1963); Dicke v. Cheyenne-Arapaho Tribes, Inc., 304 F.2d 113 (Tenth Cir. 1962); Native American Church of North America v. Navajo Tribal Council, 272 F.2d 131 (Tenth Cir. 1959); Martinez v. Southern Ute Tribe, 249 F.2d 915 (Tenth Cir. 1957).

Plaintiffs make no allegations with respect to the Court's jurisdiction under 28 U.S.C.A. § 1332, though the Statute is cited as a basis of jurisdiction. Challenge is made by the private Defendants to the existence of diversity and Plaintiffs have not responded thereto. Defendants' challenge states that the individual Plaintiffs are citizens of Oklahoma. Nothing is said by any party about the citizenship of The Tribal Indian Land Rights Association, but in view of the existence of Oklahoma citizens among the Defendants, such matter is immaterial. All of the individual Defendants, excluding the Federal Defendants, claim to be Oklahoma citizens and such claim has not been met by Plaintiffs by response or otherwise. The Court finds that Plaintiffs have failed to sustain the burden of establishing diversity jurisdiction cast upon them by Defendants' challenge.

The Court is without jurisdiction of the Federal Defendants. The allegations of Plaintiffs' Complaint fail to establish jurisdiction of the Court over their controversy with the remaining Defendants. Plaintiffs' Complaint is therefore dismissed as to all Defendants.