**BEHLEN COMMUNITY HOSPITAL, INC., a Nebraska non-profit Corporation, Plaintiff,**

**v.**

**BLUE CROSS OF NEBRASKA, a Nebraska non-profit Corporation, et al., Defendants.**

**Civ. No. 76–0–86.**

United States District Court, D. Nebraska.

Sept. 16, 1976.

---

Lyman L. Larsen and C. E. Heaney, Jr., Omaha, Neb., for plaintiff.

Daniel E. Wherry, U. S. Atty., and Michael L. Schleich, Asst. U. S. Atty., D. Neb., Omaha, Neb., for defendants.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court subsequent to a hearing on defendants' motion to dismiss.

Plaintiff, Behlen Community Hospital, Inc. (hereinafter referred to as Behlen), instituted this action on March 3, 1976, against Blue Cross of Nebraska (hereinafter referred to as B.C.N.), Blue Cross Association (hereinafter referred to as B.C.A.) and F. David Mathews, Secretary of Health, Education and Welfare, seeking review of an order issued by a hearing examiner for B.C.A. denying plaintiff reimbursement under the Federal Health Insurance for the Aged Act, 42 U.S.C. § 1395, popularly known as the Medicare Act, for certain alleged "reasonable costs" incurred for the benefit of Medicare patients.

The following background facts are necessary for an understanding of the dispute. Behlen is a provider of hospital services under Part A of the Medicare Act, 42 U.S.C. §§ 1395c–1395i. For purposes of administering the Medicare program, the Secretary contracted with B.C.A., a private insurance corporation, to act as its fiscal intermediary. B.C.A. is authorized by the Secretary to determine the "reasonable cost of services rendered" as defined in 42 U.S.C. § 1395f(b), upon which payments due a provider of services are based. See 42 U.S.C. §§ 1395h, 1395f(b), 1395x(v). B.C.A. in turn contracted with B.C.N. to assume B.C.A.'s obligations in the State of Nebraska.

Pursuant to 42 U.S.C. § 1395x(v)(1), the Secretary has promulgated regulations for determining reasonable cost of services provided. See 20 C.F.R. § 405.401 et seq. Allowances for depreciation of assets is one factor in the formula used to compute reasonable cost. See 20 C.F.R. §§ 405.416, 405.427.

The allegations of plaintiff's complaint may be briefly summarized as follows. On or about March 29, 1972, plaintiff, Behlen Community Hospitals, Inc., entered into a contract to purchase the assets of the Behlen Memorial Hospital. Although the parties agreed that the sales price would be $1,600,000.00, the parties agreed that the amount of consideration to be paid by Behlen would be $1,000,000.00 for the reason that certain assets of the Memorial hospital totalling $600,000.00 were community donations.

Prior to entering into the agreement, Behlen requested and obtained from B.C.N. and B.C.A. written opinions that the purchase price for purposes of determining a cost basis under the Medicare Act for depreciation would be $1,600,000.00. Approximately a year later, Behlen was informed that B.C.A. had reversed its prior decision and ruled that the cost basis would be

$1,000,000.00. Thereafter, B.C.N., at the direction of B.C.A., issued its Notice of Program Reimbursement for the fiscal year reflecting the cost basis at $1,000,000.00.

B.C.A., under its contract with the Secretary, is required to establish and maintain such procedures as the Secretary may approve for considering and resolving any dispute arising between a provider of services and B.C.N. serving as intermediary. B.C.A. has established a Medicare Provider Appeals Committee to receive and resolve appeals from providers dissatisfied with the intermediary's determinations. The B.C.A. Medicare Provider Appeals Committee Hearing Officer held a hearing on May 21, 1975. The Hearing Officer upheld the decision of the B.C.N. There are no further administrative remedies available to Behlen and the decision of the Provider Appeals Committee, challenged herein, is final.

Plaintiff's complaint in this action is in four counts: Count I alleges that plaintiff was denied due process in that it was not afforded an impartial tribunal; Count II alleges that the hearing decision was not supported by substantial evidence and was arbitrary and capricious; Count III alleges a breach of duty owed by defendants under the applicable statutes and regulations; and Count IV alleges an estoppel argument based upon detrimental reliance on the defendants' initial opinion.

Jurisdiction is invoked pursuant to § 10(a) of the Administrative Procedure Act (hereinafter referred to as A.P.A.), 5 U.S.C. § 702 and 28 U.S.C. § 1331. The defendants' motion to dismiss presently before the Court rests upon two asserted grounds: (1) the Court lacks subject matter jurisdiction; and (2) plaintiff has failed to state a claim upon which relief may be granted as to Count I.

## SUBJECT MATTER JURISDICTION

### Federal Question

■ In *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283 (8th Cir. 1976), the Eighth Circuit Court of Appeals held that jurisdiction under 28 U.S.C. § 1331 of claims seeking payments under the Medicare Act are barred by the provisions of 42 U.S.C. § 405(h) of the Social Security Act, which is incorporated into the Medicare Act by 42 U.S.C. § 1395ii. Section 405(h) provides:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 [§ 1331] of Title 28 to recover on any claim arising under this subchapter.

The Eighth Circuit relied upon *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), to hold that the last sentence of § 405(h) precludes § 1331 jurisdiction, with the exception of certain constitutional claims. Inasmuch as Counts II, III and IV seek to obtain payments pursuant to the Medicare Act, Section 405(h) precludes the federal courts from assuming jurisdiction under § 1331.

### Administrative Procedure Act

■ Plaintiff argues that § 10 of the A.P.A. is an independent source of federal court jurisdiction. § 10 provides that "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." The federal courts are divided as to whether § 10 of the A.P.A. confers independent jurisdictions. The First, Fifth, Seventh, Ninth and Tenth Circuits have held that § 10 is an independent source of federal jurisdiction. *See Ortego v. Weinberger,* 516 F.2d 1005 (5th Cir. 1975); *Rothman v. Hospital Service of Southern California,* 510 F.2d 956 (9th Cir. 1975); *Sanders v. Weinberger,* 522 F.2d 1167 (7th Cir. 1975); *Bard v. Seamans,* 507 F.2d 765 (10th Cir. 1974); *Pickus v. United States,* 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974). The Third, Sixth and Eighth Circuits have held that § 10 does not confer jurisdiction. *See Bramblett v. Desobry,* 490 F.2d 405 (6th Cir.), *cert. denied* 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111 (1974);

*Chaudoin v. Atkinson,* 494 F.2d 1323 (3rd Cir. 1974); *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe,* 370 F.2d 529 (8th Cir. 1967). *See also Aguayo v. Richardson,* 473 F.2d 1090, 93 S.Ct. 1350, 35 L.Ed.2d 583 (2nd Cir. 1973), *cert denied* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 901 (1974). Although the Eighth Circuit has, subsequent to *Twin Cities Chippewa,* discerned a tendency in the Supreme Court to look favorably upon construing § 10 as an affirmative grant of jurisdiction, *State Highway Commission of Missouri v. Volpe,* 479 F.2d 1099, 1105 n. 7 (8th Cir. 1973), the most recent case from the Eighth Circuit, *St. Louis University, supra,* avoided this quandry by finding that judicial review was committed to the discretion of the administrator and thus not subject to judicial review.[1] 5 U.S.C. § 701(a)(2) provides that if agency action is "committed to the discretion of the administrator", it is not subject to judicial review under the A.P.A. The court reasoned as follows:

> Our view is strengthened by the emphatic language of § 405(h) which forbids bringing "any claim under § 41[1331] of Title 28." The Supreme Court observed in *Salfi* that at the time § 405(h) was adopted 'prior to the 1948 recodification of Title 28, § 41 contained all of that title's grants of jurisdiction to the United States district courts, save for several [irrelevant] special purpose * * * grants * *.' [422 U.S. at 756 n. 3, 95 S.Ct. 2457, 2462, 45 L.Ed.2d at 534]. Thus, by precluding any resort to § 41, § 405(h), completely eliminated all then existing jurisdictional bases for judicial review. This demonstrates a congressional intent to commit maximum discretion to the Secretary. 537 F.2d at 290.

In *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 77 (1971), the Supreme Court held that the limitation "committed to agency discretion" is a "very narrow exception." *Id.* at 410, 91 S.Ct. 814. The Court further held that this exception "is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.' S.Rep.No. 752, 79th Cong., 1st Sess., 26 (1945)." In this case, the Secretary is authorized by 42 U.S.C. § 1395x(v)(1)(A) to promulgate regulations for determining the reasonable cost of services. The presence of statutory guidelines for reasonable cost determinations in § 1395x(v)(1)(A), however, indicates that the matter at hand was not intended to be wholly within the discretion of the Secretary. *Rothman v. Hospital Service of Southern California,* 510 F.2d 956, 958 (9th Cir. 1975). Furthermore, § 1395oo indicates Congressional belief that the matter is not peculiarly one of agency expertise precluding judicial review.[2] Although the Eighth Circuit in St. Louis University held that this case falls within the narrow exception for action "committed to agency discretion", it appears that the court actually found that the last sentence of § 405(h) indicated a statutory prohibition on review, since the court found what it considered to be evidence of legislative intent to restrict access to judicial review. *See Citizens to Preserve Overton Park v. Volpe,* 401 U.S. at 410, 91 S.Ct. 814; *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Brownell v. We Shung,* 352 U.S. 180, 185, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956).

Plaintiff attempts to distinguish *St. Louis University* by arguing that this case is brought under Part A of the Medicare Act, whereas St. Louis University was brought under Part B. Part A of the Medicare program covers reimbursement for services which normally are furnished by the hospital itself. 42 U.S.C. §§ 1395c–1395i. Part B of the program provides for "professional

---

1. Until 1972, Congress had not expressly provided for judicial review of cost disputes between a provider and the Secretary. 42 U.S.C. § 1395oo now provides for a Provider Reimbursement Review Board, and for judicial review of that Board's decision. However, this controversy involved reimbursement for the fiscal year ended April 30, 1973, and Section 1395oo applies only to "accounting periods ending on or after June 30, 1973." P.L. 92–603 § 243(c).

2. See footnote 1.

services component." 42 U.S.C. § 1395ff(b) provides for judicial review on behalf of an individual of the amount of benefits under Part A. Although the court held that "[t]he conspicuous omission of any provision for judicial review of the amount of benefits under Part B indicates that Congress felt that determination of the proper 'reasonable charge' was a matter best left to agency expertise," the court also based its decision on § 405(h). The fact that an individual may seek judicial review, although dispositive of the agency discretion rationale, has no bearing upon the fact that the Eighth Circuit found that § 405(h) evidenced a Congressional intent to bar judicial review by a provider of services. Whether or not § 405(h) presents the clear and convincing evidence the Supreme Court has stated is necessary is irrelevant. This Court is bound by *St. Louis University.*[3] Furthermore, plaintiff's reliance on *St. John's McNamara Hospital v. Associated Hospital Service, Inc.,* 410 F.Supp. 67 (D.S.D.1976), is misplaced. The Eighth Circuit reversed this case on June 4, 1976, 538 F.2d 333, and remanded it for proceedings not inconsistent with *St. Louis University.*

*Jurisdiction to Require Procedural Due Process (Count I)*

In *St. Louis University,* the court distinguished *Weinberger v. Salfi, supra,* to allow jurisdiction over the due process claim. The court held:

> The Supreme Court has recognized that totally precluding judicial consideration of constitutional issues raises serious constitutional problems. *Weinberger v. Salfi, supra,* 422 U.S. at 762, 95 S.Ct. at 2465, 45 L.Ed.2d at 537; *Johnson v. Robinson,* 415 U.S. 361, 366 & n. 8, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389, 397 (1974). Those constitutional problems are greatly intensified when an agency purports to subdelegate its immunity from judicial review to a nongovernmental entity.

Therefore, we find that Congress did not intend for § 405(h) to apply to the Medicare Act in such a manner as to completely bar judicial consideration of a claim of denial of due process. 537 F.2d at 291–292.

Count I alleges that plaintiff was denied a meaningful appeal and a fair hearing before an impartial tribunal under the due process clause of the fifth amendment and Medicare statutes and regulations. Plaintiff further alleges that the failure to provide an agency or judicial review of the administrative decision is an unlawful delegation by the Secretary. This due process claim is collateral to plaintiff's claim for reimbursement and no other effective review is available. The Court therefore has jurisdiction over Count I. *Cf. Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

### FAILURE TO ADEQUATELY STATE A CLAIM

Rule 8(a), Fed.R.Civ.P., requires a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff has adequately complied with Rule 8(a). Defendants' contention that *St. Louis University* is dispositive of Count I is more properly brought before the Court on a subsequent motion for judgment on the pleadings or summary judgment. Furthermore, to the extent that plaintiff's pleading fails to entitle it to the relief accorded plaintiff in *St. Louis University,* it should be allowed to amend its complaint.

An Order is filed contemporaneously herewith in accordance with this Memorandum.

---

3. This Court is also bound by *Twin Cities Council v. Minnesota Chippewa Tribe, supra,* until the Eighth Circuit overrules it.