**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Mack CROSSLAND,
Defendant-Appellant.**

**No. 80–1017.**

United States Court of Appeals,
Tenth Circuit.

Argued March 17, 1981.

Decided June 1, 1981.

Bruce Green, Muskogee, Okl., for defendant-appellant.

John R. Osgood, Asst. U. S. Atty., Oklahoma City, Okl. (Julian K. Fite, U. S. Atty.,

Muskogee, Okl., with him on brief), for plaintiff-appellee.

Before SETH, Chief Judge, DOYLE and McKAY, Circuit Judges.

SETH, Chief Judge.

Thomas Mack Crossland was convicted after a jury trial on four counts of embezzlement and theft from an Indian tribal organization, in violation of 18 U.S.C. § 1163, and on one count of conspiracy, contrary to 18 U.S.C. § 371. He contends that the district court erred in its determinations that he acted as an agent of an Indian tribal organization and that the Cherokee Housing Authority was an Indian tribal organization within the meaning of section 1163. He also asserts as error the court's submission to the jury of the indictment containing the name of a coconspirator who was not tried with appellant.

Thomas Crossland served as Executive Director of the Cherokee Housing Authority. During his tenure he arranged with a coconspirator, Joseph Radeker, to award Authority fencing contracts to him on a noncompetitive basis. Appellant owned an interest in Joseph Radeker's fencing business and received one-half of the profits from the firm's endeavors. The contracts so awarded were at prices substantially higher than those that would have been charged by other firms in the community. Appellant does not dispute the sufficiency of the evidence, but rather alleges primarily that his convictions under 18 U.S.C. § 1163 are invalid because the Authority is not an Indian tribal organization.

■ The Cherokee Housing Authority was organized under the laws of Oklahoma for the purpose of providing housing for the tribal members. Appellant argues that the Authority, being a creature of state law, cannot be considered an Indian tribal organization under section 1163. That statute defines an Indian tribal organization as:

"any tribe, band, or community of Indians which is subject to the laws of the United States relating to Indian affairs or *any corporation, association, or group which is organized under any of such laws*." (Emphasis added.)

The Authority was organized pursuant to the Housing Act of 1937. The statute empowers the Department of Housing and Urban Development to create and manage a program designed to provide and maintain housing for the needy. 42 U.S.C. § 1437.

Pursuant to the Housing Act, HUD promulgated regulations directly affecting the creation and administration of Indian housing authorities. 24 C.F.R. §§ 805.101–805.-430. These regulations provide that an Indian housing authority may be established pursuant to state law, and this was done in this instance. The relevant statute subjects Indian housing authorities to those laws applicable to municipal housing authorities and vests the Chief of the tribe with the same powers a mayor has in a non-Indian housing authority.

In *Ware v. Richardson*, 347 F.Supp. 344 (W.D.Okla), the court held that it lacked jurisdiction to hear a suit brought by members of the Kiowa Tribe against the Kiowa Housing Authority. The court reasoned that the controversy was an intratribal dispute and it thus was without federal question jurisdiction. The court said in part of the Authority:

"In legal consequence, however, it operates as an arm of the Kiowa Tribe of Indians for it is completely controlled by them through their power of appointment. While it is nominally a state agency, it is statutorily freed of state control and subjected to the unfettered control of the Tribe."

Thus although the Authority was organized pursuant to state law, its members were selected by the tribe, its function was to serve the needs of the tribe, and its activities were supervised by the tribe. Thus appellant's argument that the Authority's creation by virtue of state statute precludes its character as an Indian tribal organization is unfounded.

We addressed this question in a similar context in *United States v. Logan*, 641 F.2d 860 (10th Cir.). The defendant there was

convicted of violating section 1163 for actions committed while serving as Secretary-Treasurer of Choctaw Agri-Enterprises, Inc., a private corporation formed for profit under Oklahoma laws. We rejected the contention that incorporation under state law precluded the characterization of the corporation as an Indian tribal organization.

Thus the district court properly instructed the jury that the Cherokee Housing Authority was an Indian tribal organization within the meaning of 18 U.S.C. § 1163.

■ Appellant next contends that he was not an agent of the Cherokee Tribe. This argument is directed to Counts 3 and 5 of the indictment which allege that defendant Crossland willfully misapplied monies entrusted to his care and custody as an agent of the Cherokee Nation of Oklahoma. The Cherokee Housing Authority was an Indian tribal organization. Appellant was its Executive Director, and the record demonstrates his responsibilities and management authority were more than sufficient to create an agency relationship. The trial court properly charged the jury that defendant Crossland was an agent of the Cherokee Tribe.

■ Appellant's final argument is that the court erred in allowing the jury to receive, over objection, a copy of the indictment on which he was tried but which also contained Joseph Radeker's name. Appellant notes that Joseph Radeker testified that he was a coconspirator and that he had been tried. Appellant argues that from this testimony and from the appearance of Joseph Radeker's name on the indictment in this case the jury could infer that he had been convicted to the prejudice of the appellant. The decision to allow the indictment to go to the jury is one which is within the discretion of the trial court. *United States v. Skolek*, 474 F.2d 582, 586 (10th Cir.). Seldom will such a course be considered an abuse of discretion, especially when the trial judge has instructed the jury that the indictment is not to be considered as evidence. *Little v. United States*, 73 F.2d 861, 864 (10th Cir.). The court here so instructed the jury. We decline to hold that the trial judge abused his discretion in allowing the indictment containing Joseph Radeker's name to go to the jury.

AFFIRMED.