**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LYNNETTE M. DUKE,

        Plaintiff-Appellant,

v.

ABSENTEE SHAWNEE TRIBE
OF OKLAHOMA HOUSING
AUTHORITY,

        Defendant-Appellee.

No. 99-6054

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-1853-M)

Submitted on the briefs:

Jeffrey P. Feuquay of Fisher & Feuquay L.L.P., Perry, Oklahoma, for Plaintiff-
Appellant.

Gary S. Pitchlynn and David Morse of Pitchlynn, Morse, Ritter & Morse, Norman,
Oklahoma, for Defendant-Appellee.

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

**TACHA** , Circuit Judge.

Plaintiff Lynnette M. Duke appeals the district court's order dismissing her race and sex discrimination claims for lack of jurisdiction and declining to exercise supplemental jurisdiction over her remaining state claims. We affirm. [1]

Plaintiff, a Creek Indian, brought this action against the Absentee Shawnee Housing Authority (ASHA), raising race and sex discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17, and several state law claims. The district court held that ASHA was an Indian tribe and was therefore excluded from Title VII's definition of an "employer." See 42 U.S.C. § 2000e(b). Because the Title VII claims were the sole basis for the court's original jurisdiction, the district court declined to exercise jurisdiction over plaintiff's state law claims, dismissing them without prejudice pursuant to 28 U.S.C. § 1367(c). This appeal followed.

Plaintiff argues that the district court erred in viewing ASHA as a tribe and thus the court had federal-question jurisdiction, pursuant to Title VII, to decide her claims. We review de novo a dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1165 (10th Cir. 1999).

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

ASHA was created to provide and maintain low-income housing for members of the Absentee Shawnee Tribe. Regulations implementing the Housing Act of 1937 provided that Indian housing authorities such as ASHA could be created either by tribal ordinance or pursuant to state law. See 24 C.F.R. §§ 905.125, 905.126 (1995) (now repealed). In this case, ASHA was created pursuant to section 1057 of title 63 of the Oklahoma Statutes. Plaintiff argues that by choosing this method, the tribe created a state agency that was subject to the provisions of state and federal law -- including Title VII.

It is true that the Oklahoma statute under which ASHA was organized defines the housing authority as a state agency. See Okla. Stat. Ann. tit. 63, § 1057 (West 1997). We have held, however, that the mere organization of such an entity under state law does not preclude its characterization as a tribal organization as well. See, e.g., United States v. Crossland, 642 F.2d 1113, 1114-15 (10th Cir. 1981) (holding housing authority's creation under state statute did not prelude characterization as a tribal organization); United States v. Logan, 641 F.2d 860, 862 (10th Cir. 1981) (rejecting contention that incorporation under state law precluded characterization of corporation as a tribal organization).

In Dille v. Council of Energy Resource Tribes, 801 F.2d 373, 375-76 (10th Cir. 1986), we held that an organization representing the energy resource interests of thirty-nine Indian tribes was a "tribe" for purposes of the Title VII

exemption. We noted that the council was an economic enterprise of the type intended to be protected by the exemption, that it was entirely comprised of tribal members, and that its decisions were made by designated tribal representatives. See id.

Here, as in Dille, ASHA is an enterprise designed to further the economic interests of the Absentee Shawnee tribe, and the tribe has exclusive control over the appointment and removal of its decisionmakers. As we noted when considering the status of a similar housing authority created under the same Oklahoma statute:

> [A]lthough the Authority was organized pursuant to state law, its members were selected by the tribe, its function was to serve the needs of the tribe, and its activities were supervised by the tribe. Thus appellant's argument that the Authority's creation by virtue of state statute precludes its character as an Indian tribal organization is unfounded.

Crossland, 642 F.2d at 1114.

Because "the definition of an Indian tribe changes depending upon the purpose of the regulation or statutory provision under consideration," Dille, 801 F.2d at 376, we must interpret the Title VII exemption in light of its purpose of "promot[ing] the ability of sovereign Indian tribes to control their own economic enterprises," id. at 375. Given the canon that we construe all ambiguities in favor of Indian sovereignty, see EEOC v. Cherokee Nation,

-4-

871 F.2d 937, 939 (10th Cir. 1989), we conclude the district court did not err in finding ASHA was a "tribe" entitled to the Title VII exemption.

Our decision in Housing Authority of the Kaw Tribe v. City of Ponca City, 952 F.2d 1183 (10th Cir. 1991), does not require a contrary result. There, we concluded that an Oklahoma Indian housing authority, as a state agency, lacked standing to bring a Fourteenth Amendment constitutional challenge against a political subdivision of the state, but did have standing to sue under the Fair Housing Act. We did not consider whether the housing authority was a "tribe" for purposes of Title VII, or in any way disapprove of the above-cited language in Crossland. See Housing Auth. of the Kaw Tribe, 952 F.2d at 1191 (noting Crossland rationale that characterizations as state agency and tribal organization were not mutually exclusive). In fact, the decision supports our conclusion that under federal law, ASHA may be deemed a "tribe" for purposes of Title VII, despite its characterization as a state agency. See Branson Sch. Dist. RE-82 v. Romer, 161 F.3d 619, 629-30 (10th Cir. 1998) (describing Housing Authority of the Kaw Tribe as standing for the proposition that a federal statute "trumps any contradictory state law through the operation of the Supremacy Clause"), cert. denied, 119 S. Ct. 1461 (1999).

Plaintiff argues that because the Absentee Shawnee Tribe elected under the regulations to create a state agency rather than a tribal organization, it made a

sovereign choice to subject ASHA to all state and federal laws. In the absence of an express declaration to this effect, we are reluctant to impute such an intent to the tribe. More importantly, even assuming the tribe intended to subject ASHA to the dictates of Title VII, this intent could not unilaterally create subject matter jurisdiction in the federal court. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (holding parties cannot confer subject matter jurisdiction by consent, estoppel, or waiver); Weeks Constr., Inc. v. Oglala Sioux Housing Auth., 797 F.2d 668, 671 (8th Cir. 1986) (holding "the Housing Authority's waiver of sovereign immunity under the tribal ordinance . . . does not by fiat confer jurisdiction on the federal courts").

Here, the only asserted basis for jurisdiction is the presence of a federal question. Federal question jurisdiction exists when a cause of action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because Congress expressly exempted Indian tribes from Title VII and ASHA qualifies as a tribe under our case law, the statute does not create a cause of action against the housing authority so as to invoke the court's jurisdiction. Cf. United States ex. rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1493-95 (10th Cir. 1995) (finding no federal question in suit involving Indian housing project because statute exempted tribal contracts from Miller Act requirements). The district court did not err, therefore, in dismissing plaintiff's

Title VII claims for lack of subject matter jurisdiction or in refusing to consider her state law claims.

The judgment is AFFIRMED.