IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-20793
Summary Calendar

———————————————

HEATHER THOMAS; MARK THOMAS,

Plaintiffs-Appellants,

versus

CHOCTAW MANAGEMENT/SERVICES
ENTERPRISE; ROXANNE MAGALLAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas

--------------------
December 16, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Heather and Mark Thomas, husband and wife, appeal from the district court's dismissal of their employment discrimination action against Defendants-Appellees Choctaw Management/Services Enterprise ("CM/SE"), which was their employer at all relevant times, and Roxanne Magallan, who worked there and was the Thomases' supervisor. We affirm.

CM/SE is an unincorporated business venture owned 100% by the Choctaw Nation of Oklahoma, an Indian tribe that is recognized as such by, and has a treaty with, the United States. After their claims were rejected by the Equal Opportunity Employment Commission

("EEOC"), the Thomases sued CM/SE and Magallan, advancing claims under Title VII and 42 U.S.C. § 1981, as well as under state law, for alleged religion and "pregnancy" discrimination in employment. The district court dismissed the action with prejudice after CM/SE and Magallan filed a dismissal motion under Federal Rule of Civil Procedure 12(b)(1) and (6), asserting that (1) CM/SE is an "Indian Tribe" expressly exempted from being an "employer" under Title VII; (2) the Thomases' claims, grounded in allegations of discrimination based on religion and her pregnancy, are not cognizable under § 1981; and (3) as a supervisory employee of CM/SE, Magallan is not an employer for purposes of Title VII. The Thomases timely appealed, but on appeal they have prosecuted only those claims grounded in alleged violations of Title VII, thereby abandoning all other claims.[1]

Title VII states unequivocally that the term "employer" does not include, inter alia, an Indian tribe.[2] The Thomases have artfully pled that CM/SE is a separate legal entity, a corporation organized and owned by the Choctaw nation, but have failed to substantiate that contention with any specific allegations. In seeking dismissal, CM/SE and Magellan have shown, in contrast, that CM/SE is not a corporation at all but is a sole proprietorship of the Choctaw Nation. Under situations like this, we are constrained

---

[1] See Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993).

[2] 42 U.S.C. § 2000(e)(b).

2

to parse a plaintiff's complaint; and when we do so here we find that there is no question of fact (and no doubt) that CM/SE is not a corporation at all and is, in fact, a direct proprietary enterprise of the Choctaw Nation, from which it is legally inseparable. As such, the Thomases' Title VII claims are wholly without merit and thus legally frivolous.

As for their Title VII claims against Magallan, the Thomases' pleadings make clear that at all relevant times Magallan was an employee of CM/SE. The law is well-settled that Magallan's status as an employee of the Thomases' employer prevents her from being an "employer" for purposes of Title VII claims.

As this case presents an issue of first impression in our circuit, we take this opportunity to adopt the position espoused by the Eighth Circuit in <u>Dille v. Council of Energy Resource Tribes</u>[3] and by the Ninth Circuit in <u>Pink v. Modoc Indian Health Project</u>[4]: Title VII's express exemption of Indian tribes from employer status eschews subject matter jurisdiction of the federal courts to hear employment discrimination complaints such as those advanced by the Thomases in this case when brought against unincorporated commercial enterprises entirely owned and operated by recognized Indian tribes. As the factors considered in those appellate cases are present and applicable here, the district court's dismissal of

---

[3] 801 F.3d 373 (8th Cir. 1986).

[4] 157 F.3d 1185 (9th Cir. 1998).

3

the instant suit was wholly appropriate. In contrast, the cases cited by the Thomases, addressing such matters as employers that are separate, incorporated entities under the Indian Reorganization Act,[5] partially owned companies incorporated under state law,[6] and non-Indian companies employing non-Indians while operating on an Indian reservation,[7] are distinguishable and inapposite.[8]

For the foregoing reasons, as more extensively analyzed and explained in its Memorandum Opinion and Order, the district court's dismissal of the Thomases' action with prejudice is, in all respects,

AFFIRMED.

---

[5] 25 U.S.C. § 477.

[6] See, Myrick v. Devils Lake Sioux Mfg. Corp., 718 F. Supp. 753 (D.N.A. 1989).

[7] See, Vance v. Boyd Mississippi, Inc., 923 F. Supp. 905 (S.D. Miss. 1996).

[8] The same is true of Executive Order 11,246, from which Indian tribes are not exempt but which does not afford a private right of action to employees such as the Thomases.