Mary TENNEY, Plaintiff,

v.

IOWA TRIBE OF KANSAS and
Nebraska Gaming Commission,
et al., Defendants.

No. 02–4040–RDR.

United States District Court,
D. Kansas.

Jan. 7, 2003.

Mark L. Bennett, Jr., Bennett, Hendrix
& Moylan, L.L.P., Topeka, KS, for plaintiff.

Mark S. Gunnison, Stephen D. McGiffert, Payne & Jones, Chtd., Overland Park,
KS, for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an employment discrimination action brought by Mary Tenney, a former employee at the White Cloud Casino ("Casino") in White Cloud, Kansas. The Casino is operated by the Iowa Tribe of Kansas and Nebraska Gaming Commission ("Commission") and owned by the Iowa Tribe of Kansas and Nebraska ("Tribe"). The defendants are the Commission, the Tribe, the Casino, and various individual members and/or employees of the Commission, the Tribe and the Casino. This matter is presently before the court upon defendants' motion to dismiss.

In her amended complaint, plaintiff has asserted jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1367 (supplemental), 25 U.S.C. § 1302 et seq. (Indian Civil Rights Act), 25 U.S.C. § 2701 et seq. (Indian Gaming Regulatory Act) and 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964). Plaintiff has asserted four claims: (1) deprivation of property interest in violation of the Tribe's Constitution and Bylaws and 25 U.S.C. § 1302; (2) wrongful termination; (3) sexual harassment; and (4) intentional infliction of emotional distress.

In their motion, the defendants argue that the Tribe, the Commission, the Casino and individual members and employees of the Tribe, Commission and Casino are entitled to sovereign immunity. The defendants further argue that this court lacks subject matter jurisdiction to hear plaintiff's claims. They also contend that plaintiff has failed to state any claims upon which relief can be granted. Finally, they assert that plaintiff's claims should be dismissed because the Tribal Court for the Iowa Tribe of Kansas and Nebraska has exclusive jurisdiction.

The court finds it necessary to briefly review the factual background of this case.

Plaintiff, a member of the Tribe, was employed as a gaming inspector at the White Cloud Casino. On March 8, 2000, she was terminated from that employment. On March 28, 2001, she filed a petition with the Tribal Court for the Iowa Tribe of Kansas and Nebraska, asserting claims of deprivation of property interest, wrongful termination, sexual harassment, and intentional infliction of emotional distress. On April 18, 2001, the defendants filed a motion to dismiss in that action. On March 6, 2002, the instant action was filed in this court. The motion to dismiss filed in the Tribal Court remains pending.

■■■ The arguments of sovereign immunity and subject matter jurisdiction are inextricably intertwined. Sovereign immunity is a matter of subject matter jurisdiction. *E.F.W. v. St. Stephen's Indian High School,* 264 F.3d 1297, 1302 (10th Cir. 2001). "Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories. As an aspect of this sovereign immunity, suits against tribes are barred in the absence of an unequivocally expressed waiver by the tribe or abrogation by Congress." *Id.* at 1304 (quoting *Fletcher v. United States,* 116 F.3d 1315, 1324 (10th Cir.1997)).

■■■ With this background, the court shall turn to the arguments concerning subject matter jurisdiction in this court. Federal district courts are courts of limited jurisdiction, with original jurisdiction over two categories of disputes: (1) cases involving diversity jurisdiction pursuant to 28 U.S.C. § 1332, encompassing, for the most part, those disputes between citizens of different states involving the requisite amount in controversy; and (2) cases involving federal question jurisdiction pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitu-

tion, laws or treaties of the United States." 28 U.S.C. § 1331.

■ Although relying on 28 U.S.C. § 1332 in her complaint, plaintiff has made no effort to dispute that diversity jurisdiction is lacking here for several reasons. First, the defendants have suggested that all of the parties to this action are not diverse because both plaintiff and defendant Bill Clisbee are citizens of Missouri. Second, an Indian tribe is not a citizen of a state within the meaning of 28 U.S.C. § 1332 and may not be sued in federal court under the court's diversity jurisdiction. *Garcia v. Akwesasne Housing Authority,* 268 F.3d 76, 80 n. 1 (2nd Cir.2001); *Romanella v. Hayward,* 933 F.Supp. 163, 167 (D.Conn.1996). Based upon these facts, the court finds that federal jurisdiction is lacking here based upon diversity of citizenship.

"Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Plaintiff has suggested that federal question jurisdiction is present under Title VII, IGRA and ICRA. For the following reasons, the court finds that federal question jurisdiction is also lacking.

■ Title VII does not appear to provide jurisdiction here because it specifically exempts Indian tribes from the definition of employer. 42 U.S.C. § 2000e(b); *see also Morton v. Mancari,* 417 U.S. 535, 547–48, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). Plaintiff has suggested Title VII provides coverage because her employer was the Commission, an entity engaged in an economic venture, not the Tribe. The court finds no merit to this suggestion. The exclusion of Indian tribes from the definition of employer under Title VII has been applied to other entities and corporations of Indian tribes. *See Duke v. Absentee Shawnee Tribe Of Oklahoma Housing Authority,* 199 F.3d 1123, 1125 (10th Cir.

1999) (housing authority designed to further Tribe's economic interest was deemed Tribe under Title VII even though created as state agency under Oklahoma law rather than by tribal ordinance); *Dille v. Council of Energy Resource Tribes,* 801 F.2d 373, 375–76 (10th Cir.1986) (council formed by 39 tribes to collectively manage energy resources was Indian tribe under Title VII); *see also Hagen v. Sisseton–Wahpeton Community College,* 205 F.3d 1040, 1043 (8th Cir.2000) (community college chartered by Indian tribe was arm of tribe entitled to tribal sovereign immunity); *Pink v. Modoc Indian Health Project, Inc.,* 157 F.3d 1185, 1188 (9th Cir.1998) (non-profit corporation created by Indian tribes to deliver health services was considered tribe under Title VII), cert. denied, 528 U.S. 877, 120 S.Ct. 185, 145 L.Ed.2d 156 (1999); *Giedosh v. Little Wound School Board, Inc.,* 995 F.Supp. 1052, 1059 (D.S.D.1997) (school board organized and chartered by Indian tribe was exempt under Title VII). The court sees no reason not to apply this exclusion here where the Tribe has established a Commission to conduct a gambling casino. The Commission consists entirely of tribal members. The Tribe has exclusive control over the appointment and the removal of its decision-makers. The sole responsibility of the Commission is to operate the Casino for the Tribe.

The court does note one case where a court refused to dismiss a Title VII claim brought by a casino employee against an Indian casino. *In Hines v. Grand Casinos of Louisiana, LLC,* 140 F.Supp.2d 701 (W.D.La.2001), plaintiff brought a Title VII sex discrimination action against an Indian gaming enterprise in Louisiana state court. The gaming enterprise removed the case to federal court and moved to dismiss. The Louisiana district court denied the motion, holding that the enterprise, not the Indian tribe, was plaintiff's

employer. 140 F.Supp.2d at 705. The Indian tribe had contracted with the defendant to obtain financing and to manage and operate their casino. *Id.* at 702. The court determined that the defendant, rather than the Indian tribe, was plaintiff's employer under the hybrid economic realities or common law control test, despite the fact that plaintiff's paycheck may have come from the tribe's bank account. *Id.* at 704–05. The court noted that the defendant possessed sole and exclusive responsibility for managing and operating the casino including all daily operation and had the ability to select, control and discharge personnel. *Id.*

The facts here differ substantially from those in Hines. Here, the Commission is a group of tribal members organized to operate the Casino. The Casino is not operated and managed by an independent contractor as was the case in Hines. In fact, in Hines, the contract between the tribe and the defendant prevented any ultimate discrimination by the defendant from resting with the tribe. The circumstances here are similar to those present in Dille and Duke. In sum, the court does not find that Hines requires a different result here.

■ The court also does not find that Title VII can be used to assert claims against the individual defendants. Even where Title VII does apply, individual civil liability does not attach for employment discrimination, including sexual harassment, to individual agents of the employer who allegedly committed the violations. *Haynes v. Williams,* 88 F.3d 898, 901 (10th Cir.1996). Plaintiff has referred to IGRA in its jurisdictional statement in her amended complaint, but makes no further reference to it in the amended complaint. Thus, the court is not even certain that plaintiff intends to assert any violation of IGRA. Nevertheless, the court is certain, based upon settled law, that IGRA does not provide a private right of action

against the Tribe or any of its officials or agencies. *See Hartman v. Kickapoo Tribe Gaming Commission,* 176 F.Supp.2d 1168, 1175 (D.Kan.2001); *see also Hein v. Capitan Grande Band of Diegueno Mission,* 201 F.3d 1256, 1260 (9th Cir.2000). Accordingly, we do not find that IGRA provides an appropriate basis for federal question jurisdiction here.

■ The court also finds that the law is well-settled that ICRA cannot be used to create a cause of action against Indian tribes or its officers for deprivation of substantive rights. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). In Santa Clara Pueblo, the Supreme Court held that the only remedy available from the federal courts under ICRA is a writ of habeas corpus under 25 U.S.C. § 1303. *Id.* at 69–72, 98 S.Ct. 1670.

Plaintiff has cited three cases in which courts have suggested that ICRA provided a jurisdictional basis for a federal court in a case against an Indian tribe. *See Dry Creek Lodge, Inc. v. United States,* 515 F.2d 926 (10th Cir.1975); *Johnson v. Lower Elwha Tribal Community of Lower Elwha Indian Reservation,* 484 F.2d 200 (9th Cir.1973); *Stands Over Bull v. Bureau of Indian Affairs,* 442 F.Supp. 360 (D.Mont. 1977). The court is certainly not persuaded that Johnson or Stands Over Bull provide any basis to overcome Santa Clara Pueblo since they were decided before it. The court does find some additional comment regarding Dry Creek necessary. *In Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes,* 623 F.2d 682, 685 (10th Cir.1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981), the Tenth Circuit, upon remand from the Supreme Court of the original Dry Creek case cited above, adopted a limited exception to the traditional sovereign immunity bar from suits against Indian tribes in federal court.

In a subsequent opinion, the Tenth Circuit interpreted Dry Creek as holding that denial of access to tribal courts to assert ICRA claims can give rise to federal jurisdiction, but only where the aggrieved party actually sought a tribal remedy, not merely alleged its futility. *White v. Pueblo of San Juan,* 728 F.2d 1307, 1313 (10th Cir.1984). Here, plaintiff has sought a tribal remedy in tribal court and has not as yet been denied access. Thus, this case does not fall within the limited Dry Creek exception. *See Olguin v. Lucero,* 87 F.3d 401, 404 (10th Cir.1996).

In sum, the court finds that defendant's motion to dismiss must be granted. This action must be dismissed for lack of federal subject matter jurisdiction. See Duke, 199 F.3d at 1126.

Even if the court regarded this dismissal as one for failure to state a claim upon which relief could be granted, we would decline to exercise supplemental jurisdiction over plaintiff's state law claim. See 28 U.S.C. § 1367(c); *Smith v. City of Enid,* 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 16) be hereby granted. This action shall be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**