**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 11, 2005**

**FOR THE TENTH CIRCUIT**

ANTHONY LEWIS,

    Plaintiff-Appellant,

  v.

FOUR B CORP.; RON GIANGRECO;
TOM WISEMAN,

    Defendants-Appellees.

No. 04-3471
(D.C. No. 03-CV-4194-SAC)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Anthony Lewis brought this Title VII action to redress what he alleges was a discriminatory imposition of a three-day suspension for conduct initially reported as sexual harassment and later characterized as workplace interruption. Early in the case, the district court dismissed plaintiff's claims against the individual defendants, Giangreco and Wiseman, as unauthorized under Title VII, and also denied a motion for summary judgment filed by plaintiff as premature and procedurally deficient. *See* R. doc. 51. Sometime thereafter, on cross motions filed by the remaining parties, the court again denied summary judgment to plaintiff and granted summary judgment to defendant Four B Corp., plaintiff's employer, based on plaintiff's failure to demonstrate a prima facie case of discrimination and/or to present evidence that the employer's stated reason for the discipline was a pretext for discrimination. *See id.* doc. 75, published at *Lewis v. Four B Corp.*, 347 F. Supp. 2d 1017 (D. Kan. 2004). Plaintiff appeals from the final judgment entered on the basis of these rulings. We affirm for substantially the reasons stated by the district court, though we also briefly address certain jurisdictional concerns implicated by the proceedings.

The basic facts relevant to the issues raised herein may be summarized as follows. Plaintiff was involved in three incidents of workplace misconduct, all involving a new employee, Naomi Hernandez, who worked in the bakery at one of defendant's grocery stores. The first two incidents–in which plaintiff (1) obtained

a box of donuts from Ms. Hernandez marked down as "N/C" (no charge), and (2) handed his cell phone to Ms. Hernandez, while she was on duty, to speak with representatives from the "Jerry Springer Show"–led to a disciplinary meeting that concluded with plaintiff signing as "accepted" a document stating:

> Anthony Lewis
>
> Being written up for personnel file.
>
> Anthony led another teammate to markdown N/C for donuts. He has misused company time by and through a new teammate. He has distracted and interrupted the work force for non company or union business. These actions must stop. If they do not it could include suspension and or possible termination.
>
> Tom Wiseman
> Store Director #6

R. doc. 69, Ex. 4 to Depo. of Anthony Lewis; *see* Depo. of Anthony Lewis at 18-23.

The third incident occurred just weeks later. Plaintiff, who was on store premises but not working at the time, called Ms. Hernandez, who was working, using the store's intercom system. This conversation prompted Ms. Hernandez to accuse plaintiff of sexual harassment. Plaintiff was suspended for three days. At a subsequent meeting, during which the accusation of harassment was dismissed while the suspension was left in place, store director Wiseman explained that he had suspended plaintiff for distracting the work force, the same infraction for which plaintiff had already been written up.

Plaintiff, an African-American, contends that his three-day suspension was an instance of racially discriminatory discipline. The crux of his claim is that a white employee, Edward Queen, was similarly accused of sexual harassment by a co-employee but was never suspended. *See Lewis*, 347 F. Supp. 2d at 1023 (noting one way to establish prima facie case of discriminatory discipline, "and the method chosen by the plaintiff here, is by attempting to show that the employer treated similarly situated employees differently," quoting *Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (10th Cir. 2000)). Plaintiff pursued administrative redress against his employer for this claim and, when that was unavailing, he filed suit.

## Dismissal of Claims Against Individual Defendants

Defendants Wiseman (the store director) and Giangreco (a human resources director) moved for dismissal on two grounds: (1) as individuals they were not subject to suit under Title VII, and (2) plaintiff had not named them in his EEOC charge and, thus, had not exhausted administrative remedies to permit a Title VII claim against them in any event. The district court granted the motion on the first ground, thereby obviating a potentially complicated inquiry into considerations of identity-of-interest (between the employer named in the charge and the individual defendants) on the exhaustion issue, *see generally Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999).

We exercise de novo review over this purely legal ruling. [1] *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). This court has repeatedly held "that personal capacity suits against individual supervisors are inappropriate under Title VII," which is directed, rather, to the plaintiff's employer. [2] *Id.* at 901; *see Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994) (following *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993)); *see also Butler v. City of Prairie Village*, 172 F.3d 736, 743-44 (10th Cir. 1999) (same principle applied in ADA context). Adhering to this controlling precedent, we affirm the district court's dismissal of plaintiff's Title VII suit insofar as it sought to impose personal liability on defendants Giangreco and Wiseman.

---

[1] Indeed, whether supervisors are subject to suit under Title VII is a matter of jurisdiction, since it concerns who qualifies as an "employer" under the statute. *See Ferroni v. Teamsters Local No. 222*, 297 F.3d 1146, 1151 (10th Cir. 2002) (concluding defendant "must meet the statutory definition of employer in order for there to be jurisdiction [under Title VII]"); *see, e.g., Duke v. Absentee Shawnee Tribe of Okla. Housing Auth.*, 199 F.3d 1123, 1124-26 (10th Cir. 1999). That is a significant point here, since "the exhaustion of administrative remedies is [also] a jurisdictional prerequisite to suit under Title VII," *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002), and, thus, if supervisory liability were not a jurisdictional matter, it would have been improper to resolve the case on that basis in lieu of reaching the exhaustion issue, *see Gadlin v. Sybron Int'l Corp.,* 222 F.3d 797, 799 (10th Cir. 2000) (acknowledging that jurisdictional issue must be resolved before merits, but also noting that there is no definitive order for deciding multiple issues if all are jurisdictional).

[2] As the district court noted, supervisors may be named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer, *see Haynes*, 88 F.3d at 899; *Sauers*, 1 F.3d at 1125, and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name.

**Grant of Summary Judgment for Defendant and
Denial of Summary Judgment for Plaintiff**

As noted above, the district court disposed of the remainder of the case on cross motions for summary judgment. The court held that defendant Four B Corp. had conclusively demonstrated that plaintiff and Edward Queen were not similarly situated, in that plaintiff was disciplined for an act of workplace disruption after a reprimand for just such conduct while there was no evidence that Mr. Queen was involved in anything other than a single, ultimately dismissed accusation of harassment. The court also noted that the supervisors directly involved in each case were not the same. The court therefore concluded that plaintiff had failed either to establish a prima facie case of discriminatory discipline, *Lewis*, 347 F. Supp.2d at 1023-24, or to dispute as pretext defendant's otherwise facially legitimate explanation for the discipline imposed, *id.* at 1024-25. Accordingly, the court granted defendant's motion for summary judgment and denied plaintiff's motion.[3]

On appeal, plaintiff contends that store director Wiseman got involved at some point in the complaints made against both him and Edward Queen, so that the district court should not have distinguished the two incidents on this basis.

---

[3] The court noted that plaintiff's motion was untimely, but also held that "even had plaintiff's motion been timely filed, it would have been denied for reasons subsequently set forth herein [for granting defendant's motion]." *Lewis*, 347 F. Supp. 2d at 1020.

*See* Appellant's Opening Brief at 5, par. 5. We need not delve into this collateral point, as the district court's primary rationale for holding that plaintiff could not make out a triable case–that the repetition of plaintiff's infraction on the heels of a written reprimand made it significantly different than the circumstances involving Mr. Queen–already fully supports the district court's grant of summary judgment in favor of defendant.

Plaintiff also argues that the district court erred in denying his cross motion for summary judgment as untimely (per deadline set by pretrial order), when it was filed within the extended time plaintiff had been granted for responding to defendant's motion. *See id.* at 4, par. 3 c. The district court explicitly addressed this point in its order: "Although the magistrate extended the time for plaintiff to respond to defendant's motion for summary judgment, that extension did not alter the deadline in which either party could file a dispositive motion, including plaintiff's motion for summary judgment." *Lewis*, 347 F. Supp. 2d at 1020. Given the district court's determination in favor of defendant on its motion for summary judgment–on grounds that we have just affirmed as proper and that, as the district court itself noted, inherently undermine plaintiff's opposing motion, *see* footnote 3 above–we need not and do not review the disposition of plaintiff's motion on timeliness grounds.

Indeed, there is some question whether we would have jurisdiction to do so. "A denial of summary judgment is ordinarily not a final decision and is thus not appealable." *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 966 (10th Cir. 2002). As *Smith* reflects, the inherent non-finality of a denial of summary judgment, which does not entail any conclusive disposition of the underlying claim(s), may preclude review of such a ruling even if the case itself is properly before this court on appeal from final judgment. *See id.* (dismissing for lack of jurisdiction plaintiff's appeal from denial of his motion for summary judgment on claim for which defendant had been granted summary judgment). It is true that "where a cross-motion for summary judgment has been granted and is appealed *and reversed*, and it is clear that there is no dispute as to the facts, and the facts justify judgment for the other party, summary judgment may be entered for that party." *Schmidt v. Farm Credit Servs.*, 977 F.2d 511, 513 n.3 (10th Cir. 1992) (emphasis added); *see, e.g., McIntosh v. Scottsdale Ins. Co.,* 992 F.2d 251, 253, 256 (10th Cir. 1993). But this latter exception does not avail plaintiff here, where we have affirmed the grant of summary judgment for defendant. As noted above, given that disposition, separate review of plaintiff's opposing motion would serve no purpose. *See, e.g., B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1263 & n.4 (9th Cir. 1999) (declining review under similar circumstances); *Callahan v. A.E.V., Inc.*, 182 F.3d 237, 246 & n.5 (3d Cir. 1999) (same).

Plaintiff also challenges the denial of his first summary judgment motion, filed just three months into the case, before any discovery had been conducted and, indeed, before a schedule for discovery under Fed. R. Civ. P. 16(b)(3) and 16(c)(6) had been set. The district court denied the motion as procedurally premature, unsupported by record citations required by local rules of practice, and precluded by the then-inconclusive nature of the factual record. The reasons already cited for not separately reviewing the denial of plaintiff's later cross motion for summary judgment apply with at least equal force to this, even more preliminary, interlocutory ruling.

The judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge