**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUNANN JOHNSON,

      Plaintiff-Appellant,

v.

CHOCTAW
MANAGEMENT/SERVICES
ENTERPRISE,

      Defendant-Appellee.

No. 04-7123
(D.C. No. 04-CV-338-W)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY, ANDERSON** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Background*

Plaintiff Junann Johnson appeals from the district court's dismissal of her Title VII suit against Choctaw Management/Services Enterprise (CM/SE) for lack of subject matter jurisdiction. We take jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

CM/SE is a business enterprise wholly owned by the Choctaw Nation of Oklahoma, a federally recognized Indian tribe. [1] During the time period at issue, CM/SE had a federal government contract to operate a family advocacy program for members of the United States Army stationed in Germany. Johnson, who is African American, worked for CM/SE in Germany as a social worker before being terminated in August of 2003. She claims that she was terminated because of her race and sex and in retaliation for complaining of discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to § 2000e-17.

On April 26, 2004, the EEOC rejected Johnson's claim on the ground that CM/SE is an "Indian Tribe owned enterprise exempt under Title VII." Aplee. Supl. App. at 4. Johnson then filed this action in U.S. District Court asserting a single cause of action against CM/SE under Title VII. CM/SE moved to dismiss

---

[1]     Although Johnson refers to CM/SE as a corporation separate and apart from the Choctaw Nation in her opening brief, she states in her reply that this label was a "mistake or misnomer," Aplt. Reply Br. at 1. In her complaint, she alleges that CM/SE "is believed to be owned by the Choctaw Indian Nation, an Indian Tribe." Aplee. Supl. App. at 1.

pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) claiming that as a wholly owned business enterprise of the Choctaw Nation, it is exempt from suit under Title VII. The district court agreed and dismissed the complaint for lack of subject matter jurisdiction.

*Discussion*

We review a dismissal for lack of subject matter jurisdiction de novo. *Duke v. Absentee Shawnee Tribe of Okla. Hous. Auth.*, 199 F.3d 1123, 1124 (10th Cir. 1999).

Title VII prohibits employers from engaging in discriminatory practices. However, its prohibition only applies to "employers" as that term is defined in the statute.

> The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but *such term does not include* (1) the United States, a corporation wholly owned by the Government of the United States, *an Indian tribe*, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service . . . .

42 U.S.C. § 2000e(b) (emphasis added). We have held that this language "completely exempts the activities of Indian tribes from the requirements of Title VII." *Dille v. Council of Energy Res. Tribes*, 801 F.2d 373, 376 (10th Cir. 1986); *see also Duke*, 199 F.3d at 1126 (reiterating that Congress expressly exempted Indian tribes from Title VII). Johnson concedes this general point but

argues that CM/SE waived tribal immunity by subcontracting to provide services for the federal government and by organizing itself as a for-profit corporation.

Johnson's argument conflates the doctrine of tribal immunity and Title VII's express exemption of Indian tribes from its coverage. Therefore, she fails to address the basis underlying CM/SE's dismissal. Johnson's sole claim against CM/SE is under Title VII. CM/SE based its motion to dismiss on Title VII's express exemption of Indian tribes from its coverage, not on tribal immunity. The district court granted the motion based on Title VII's exemption: "Congress created an exemption to Title VII for Indian tribes and that law has not been abolished." Aplee. Supl. App. at 34. Dismissing the complaint with prejudice, the district court implicitly found that CM/SE qualified as an Indian tribe and was therefore not an "employer" for the purposes of Title VII.

The Fifth Circuit reached the same conclusion in a similar Title VII case against CM/SE. *Thomas v. Choctaw Mgmt./Servs. Enter.*, 313 F.3d 910, 911 (5th Cir. 2002) (per curiam). In that case, the plaintiffs alleged that CM/SE was a separate legal corporate entity owned by the Choctaw Nation and therefore not within Title VII's exemption. *Id.* However, in its motion to dismiss, which was granted by the district court, CM/SE provided irrefutable evidence that it was not a corporation at all but a sole proprietorship of the Choctaw Nation. *Id.* Based on CM/SE's showing, the circuit court reached the following conclusion:

-4-

[T]here is no question of fact (and no doubt) that CM/SE is not a corporation at all and is, in fact, a direct proprietary enterprise of the Choctaw Nation, from which it is legally inseparable. As such, the [plaintiffs'] Title VII claims are wholly without merit and thus legally frivolous.

*Id.*

In this case, Johnson offers nothing to refute CM/SE's claim that it is a business enterprise owned 100% by, and legally inseparable from, the Choctaw Nation; she does not even allege otherwise in her complaint. In short, she fails to explain why, despite the clear language of 42 U.S.C. § 2000e(b), CM/SE is not an Indian tribe and therefore exempt from Title VII's coverage. Instead, Johnson continues to argue that CM/SE should be stripped of tribal immunity even though the district court's order was not based on tribal immunity and CM/SE has not invoked tribal immunity. [2] We need not address this argument. Regardless of CM/SE's immunity status, it is clear that CM/SE is an "Indian tribe" for purposes of Title VII and therefore exempt from its coverage. Even if we were to hold that CM/SE had somehow waived or was not entitled to tribal immunity, that alone would not create subject matter jurisdiction in the federal court with respect to Johnson's Title VII claim. *See Duke*, 199 F.3d at 1126 (holding that parties cannot create subject matter jurisdiction).

---

[2]    As CM/SE correctly notes, however, it is not within the province of the courts to abrogate tribal immunity. Such decisions must be left to Congress. *See Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 758 (1998).

The judgment of the district court is therefore AFFIRMED.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge