[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13886
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00411-SPC-UAM


STEPHANIE MASTRO,
an individual,

                                                                              Plaintiff – Appellant,

versus

SEMINOLE TRIBE OF FLORIDA,
d/b/a Seminole Indian Casino-Immokalee

                                                                              Defendant – Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Stephanie Mastro appeals the district court's dismissal of her amended complaint for lack of subject – matter jurisdiction and failure to state a claim. Having considered the parties' briefs and the record, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Ms. Mastro, formerly employed as a card dealer at Seminole Indian Casino – Immokalee, sued the Seminole Tribe of Florida, d/b/a Seminole Indian Casino – Immokalee, for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. The Tribe moved to dismiss, arguing that Ms. Mastro failed to state a claim and that the district court lacked subject – matter jurisdiction because the Tribe and Casino are entitled to tribal immunity.

The district court agreed and granted the Tribe's motion. It held that, because Congress did not abrogate tribal immunity with regard to Title VII, sovereign immunity barred Ms. Mastro's claims against the Tribe. It likewise extended this logic to shield the Casino; it concluded that because it is wholly-owned, operated by the Tribe, and formed pursuant to the Indian Gaming Regulatory Act, the Casino constitutes a subordinate arm of the Tribe and is therefore immune from suit. Ms. Mastro appeals.

2

**II**

We review *de novo* a district court's dismissal of a complaint on grounds of sovereign immunity. *See Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla.*, 692 F.3d 1200, 1203 (11th Cir. 2012). We likewise review questions of subject matter jurisdiction *de novo*. *See Palmer v. Braun*, 376 F.3d 1254, 1257 (11th Cir. 2004).

We may affirm the district court on any ground supported by the record, "regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

**III**

On appeal, Ms. Mastro contends that the district court erred in concluding that the Tribe and Casino should be afforded tribal sovereign immunity and hence are not subject to suit under Title VII. These arguments do not carry the day.

**A**

Because Indian tribes are exempt from the purview of Title VII, we need not reach the applicability of sovereign immunity to the Tribe.

The Supreme Court has held that "an Indian Tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). As a means of "promot[ing] the ability of sovereign Indian tribes to control their own

3

economic enterprises," *Dille v. Council of Energy Res. Tribes*, 801 F.2d 373, 375 (10th Cir. 1986), Congress chose to expressly exempt Indian tribes from Title VII's definition of "employer." 42 U.S.C. § 2000e(b) ("The term 'employer' . . . does not include . . . an Indian Tribe . . ."). See also *Taylor v. Ala. Intertribal Council Title IV J.T.P.A.*, 261 F.3d 1032, 1035 (11th Cir. 2001) ("Congress expressly exempts Indian tribes from the definition of employer under Title VII."). Because Title VII, by its own terms, does not apply to the Tribe, Congress did not authorize suits against the Tribe under the Act, and the district court therefore lacked subject – matter jurisdiction as to the Tribe.

**B**

Because the Casino, as named in Ms. Mastro's complaint, is not an independent legal entity, we need not analyze whether it too falls under Title VII's tribal exemption or is entitled to tribal immunity.

Ms. Mastro identifies the defendant as "Seminole Tribe of Florida, d/b/a Seminole Indian Casino – Immokalee."  Because the Tribe is merely "doing business as" Seminole Indian Casino – Immokalee, however, the Casino itself is not a separate legal entity, but instead merely a fictitious name with no independent existence under which the Tribe conducts business. *See Osmo Tec SACV Co. v. Crane Envtl., Inc.*, 884 So. 2d 324, 327 (Fla. 2d DCA 2004) (observing that a fictitious name had "no independent existence" and "any

4

reference to [the fictitious name] was simply a reference to [the real party in interest].”); *Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc.,* 779 So. 2d 537, 539 (Fla. 2d DCA 2000) (finding that a “fictitious name is just that—a fiction involving the name of the real party in interest, and nothing more”).  *See also Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002) (concluding that a trade name is “not a separate legal entity capable of being sued.”) 8 Fletcher Cyc. Corp. § 3831 (“[U]sing d/b/a or doing business so as to associate an assumed or fictitious name with a corporation does not, without more, create a separate legal entity different from the corporation.”) (citations omitted). Therefore, the only legal entity properly named as a defendant in this case is the Tribe, which, as discussed above, is not subject to suit under Title VII.  *See Thomas v. Choctaw Mgmt./Servs. Enter.*, 313 F.3d 910, 911 (5th Cir. 2002) (affirming dismissal of Title VII claim against an entity that is “not a corporation at all and is, in fact, a direct proprietary enterprise of the Choctaw Nation, from which it is legally inseparable”).

## IV

The district court’s dismissal of Ms. Mastro’s complaint is affirmed.

**AFFIRMED.**

5